UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANA RUTH LIXENBERG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COMPLEX MEDIA, INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 1:22-cv-354<br><br>**COMPLAINT FOR:**<br><br>1. Copyright Infringement<br>2. Vicarious and/or Contributory Copyright Infringement; and<br>3. Violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Dana Ruth Lixenberg ("Lixenberg" or "Plaintiff"), by and through her undersigned attorneys, hereby prays for the following relief through her complaint, against all defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, Dana Ruth Lixenberg ("Lixenberg"), is an individual currently residing in the Netherlands.

5. Plaintiff is informed and believes and thereon alleges that Defendant Complex Media, Inc. ("Complex") is a Delaware corporation, having its principal place of business at 229 West 43rd Street, New York, New York 10036-3982, and is doing business within this District.

6. Defendants Does 1 through 10, inclusive (collectively with Complex, "Defendants"), are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or

subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

**CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHIC WORK**

8. Lixenberg is a critically acclaimed photographer well-renowned for, amongst other things, creating compelling and resonant portraiture and imagery. Her celebrated portfolio includes photographs depicting cultural icons as Tupac Shakur as Jay-Z, among others. Much of Lixenberg's work has been dedicated to the portrayal of underserved and marginalized communities.

9. Plaintiff created and exclusively owns the photography depicting famed musician Notorious B.I.G., depicted in **Exhibit A** attached hereto (the "Subject Photography").

10. Plaintiff complied in all respects with the Copyright Act, 17 U.S.C. § 101 *et seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photographs, which Lixenberg has registered with the United States Copyright Office.

11. Prior to the acts complained of herein, Plaintiff publicly displayed and distributed the Subject Photography.

12. Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Subject Photography for financial benefit and without Plaintiff's consent, by, without limitation, incorporating the Subject Photography in online posts and articles, including and without limitation at website https://www.complex.com, which is owned and operated by and through Complex, in an article entitled "Biggie's Birthday is Now Officially "The Notorious B.I.G. Day in Brooklyn" ("the Infringing Use"). True and correct copies and screen captures of Defendants' unauthorized uses are depicted in **Exhibit B** attached hereto.

13. Upon information and belief, Lixenberg alleges that Defendants, and each of them, had access to the Subject Photographs, including through Lixenberg's numerous online profiles and features, online publications and press featuring Lixenberg's work, Lixenberg's social

media accounts, and/or through viewing the Subject Photography on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.).

14. Lixenberg has not in any way authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photography.

15. Prior to the filing of this litigation, Lixenberg, through counsel, contacted Defendant and demanded that they remove the infringing work at issue and requested that they resolve the dispute on a reasonable basis. Despite the foregoing, no reasonable resolution could be reached.

## **FIRST CLAIM FOR RELIEF**

### **(For Copyright Infringement - Against All Defendants, and Each)**

16. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

17. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photography by, without limitation, viewing the Subject Photography on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also shows access.

18. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography as part of the Infringing Content, as depicted in **Exhibit B** hereto.

19. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photography and publishing same to the public.

20. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to

Defendants' infringement of Plaintiff's rights in the Subject Photography in an amount to be established at trial.

22. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

23. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

24. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties and the public.

25. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photography, in an amount to be established at trial.

28. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF

**(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)**

29. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

30. The Subject Photography was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author,

31. Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photography, and/or added false copyright management information to the Subject Photography, before distributing and publishing same.

32. Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photography at and on websites bearing the URL(s)

depicted in Exhibit B hereto, under its own name, and removing Plaintiff's attribution information, including without limitation his name and/or metadata.

33. The aforementioned facts concern "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and said information on and in the Infringing Content is false.

34. When Defendants distributed and published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each:**

<u>With Respect to Each Claim for Relief:</u>

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photography, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photography from any print, website, or other publication owned, operated and controlled by any Defendant;

2. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law;

3. That a constructive trust be entered over any revenues or proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's rights;

4. That Plaintiff recover her attorneys' fees as available under the Copyright Act U.S.C. §505 and/or §1203;

5. That Plaintiff be awarded her costs and fees under the statutes set forth above;

6. That Plaintiff be awarded statutory damages and/or penalties as set forth above;

7. That Plaintiff be awarded pre-judgment interest as allowed by law;

8. That Plaintiff be awarded the costs of this action; and

9. That Plaintiff receive such legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: January 12, 2022
New York, New York

Respectfully Submitted,

By: _____
Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
Attorneys for Plaintiff

# EXHIBIT A



