UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC-SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC#:                            │
│ DATE FILED:                      │
└─────────────────────────────────┘
```

DANA RUTH LIXENBERG,

                              Plaintiff,

            v.

COMPLEX MEDIA, INC. and DOES 1-10,

                              Defendants.

No. 22-CV-354 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Dana Ruth Lixenberg ("Plaintiff") initiated this action against Complex Media, Inc. and ten individuals identified as Does 1-10 (collectively, "Defendants") for copyright infringement, vicarious and/or contributory copyright infringement, as well as violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. Defendants now move to dismiss Plaintiff's First Amended Complaint. For the reasons discussed below, the motion is granted.

## BACKGROUND[1]

Plaintiff is a photographer currently residing in the Netherlands. First Am. Compl. ¶¶ 4, 8. She is the creator and sole owner of the exclusive rights to a photograph of the Notorious B.I.G., a famed rap musician (the "Subject Photograph"). *Id.* ¶¶ 9-10. The Subject Photograph is registered with the United States Copyright Office under Registration Number VA0001976754. *Id.* ¶ 10.

Defendant Complex Media, Inc. is a Delaware corporation with its principal place of business in New York. *Id.* ¶ 5. Plaintiff alleges that Defendants "willfully copied, reproduced,

---

[1] The following facts are drawn from Plaintiff's First Amended Complaint, which, on a motion to dismiss, the Court must assume to be true. *See Lynch v. United States*, 952 F.3d 67, 74-75 (2d Cir. 2020).

displayed, and distributed the Subject Photograph" without Plaintiff's consent by "incorporating the Subject Photograph in online posts and articles, including . . . at [the] website https://www.complex.com, which is owned and operated by and through Complex." *Id.* ¶ 12.  The Subject Photograph was purportedly reproduced in an article posted on May 21, 2016 to Complex's website, entitled "Biggie's Birthday is Now Officially 'The Notorious B.I.G. Day in Brooklyn'" (the "Infringing Use").  *Id.*  According to Plaintiff, she "discovered the Infringing Use on or around September 2021," and she "had no reason prior to that discovery to know of Defendants' unauthorized use of the Subject Photograph." *Id.* ¶ 13.

Plaintiff initiated this action on January 13, 2022, and thereafter filed a First Amended Complaint (the "Complaint").  The Complaint alleges three causes of action: (1) copyright infringement, (2) vicarious and/or contributory copyright infringement, and (3) violations of the DMCA, 17 U.S.C. § 1202.  Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Federal Rule of Civil Procedure 12(d).

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The Court must accept as true all factual allegations and draw all reasonable inferences in Plaintiffs' favor, *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008), but it need not credit "mere conclusory statements," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

2

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted).

Furthermore, "'[d]ismissal under [Federal Rule of Civil Procedure 12(b)(6)] is appropriate when a defendant raises a statutory bar,' such as lack of timeliness, 'as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)).

## DISCUSSION

### I.    Direct Copyright Infringement

Defendants first argue that Plaintiff's direct copyright infringement claim should be dismissed as time-barred. "Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.'" *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) (quoting 17 U.S.C. § 507(b)). The Second Circuit follows the "discovery rule," which means "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Id.* at 125.[2] Therefore, "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement." *Id.* at 124 (adopting the district court's definition of the discovery rule). "The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." *PK Music*

---

[2] Defendants argue that a recent Supreme Court decision, *Rotkiske v. Klemm*, 140 S. Ct. 355 (2019), forecloses the application of the discovery rule in copyright cases. The Court disagrees. In *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020), the Second Circuit expressly stated that "*Rotkiske* is inapposite" in the copyright context, because "*Rotkiske*'s holding . . . was based on the Court's interpretation of the [Fair Debt Collection Practices Act's] text; the decision did not interpret the Copyright Act's statute of limitations, which states that copyright infringement claims under the Act must be 'commenced within three years after the claim accrued.'" *Id.* at 50 n.2 (quoting 17 U.S.C. § 507(b)).

*Performance, Inc. v. Timberlake*, No. 15-cv-1215 (VSB), 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018) (citing *Staehr*, 547 F.3d at 427); *see also Parisienne v. Scripps Media, Inc.*, No. 19-cv-8612 (ER), 2021 WL 3668084, at *3 (S.D.N.Y. Aug. 17, 2021) (quoting *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010)) ("[T]he limitations period does not begin to run until the plaintiff thereafter discovers[,] or a reasonably diligent plaintiff would have discovered[,] the facts constituting the violation . . . irrespective of whether the actual plaintiff undertook a reasonably diligent investigation.").

The Court shares Defendants' view that this case is analogous to *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461 (S.D.N.Y. 2019).  There, the alleged infringements occurred between 2011 and 2014, but the plaintiff, Minden Pictures, asserted that it did not discover the infringements until 2017 at the earliest.  *Id.* at 466.  Minden Pictures pled—as Plaintiff does here— that it "had no reason prior to that discovery to know of Defendants' unauthorized uses."  *Id.* at 467.  Nevertheless, the *Minden* court dismissed the copyright claim as time-barred, reasoning that "a reasonable copyright holder in Minden Pictures' position—that is, a seasoned litigator that has filed 36 lawsuits to protect its copyrights, beginning as early as July of 2010—should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period."  *Id.*  Although "[s]ome of Buzzfeed's articles were posted as early as 2011," the court reasoned, Minden Pictures "provid[ed] no explanation for its delayed filing of this lawsuit beyond its allegation that it had no reason to discover the alleged infringement prior to 2017."  *Id.*

The same reasoning applies here.  Plaintiff can be considered a "seasoned litigator," *id.*, having filed nearly twenty lawsuits since 2015, including thirteen in this district alone.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation,

but rather to establish the fact of such litigation and related filings.").  In fact, Plaintiff previously filed at least two copyright infringement actions related to this identical Subject Photograph.  *See* Compl. ¶ 12, *Lixenberg v. Oath Inc.*, No. 19-cv-1208 (RA) (S.D.N.Y. Feb. 7, 2019); Compl. ¶ 11, *Lixenberg v. Servedfresh LLC*, No. 19-cv-1211 (AKH) (S.D.N.Y. Feb. 7, 2019).  And in *Oath Inc.*, Plaintiff alleged that she discovered the infringing use of the Subject Photograph on June 23, 2016, which was well within the limitations period in this case.  Compl. ¶ 15, *Lixenberg v. Oath Inc.*, No. 19-cv-01208 (RA).  It is thus not plausible that Plaintiff, in exercising reasonable diligence, would not have discovered the Infringing Use here until September 2021, over five years later.  And like in *Minden*, Plaintiff offers no explanation for her delayed filing, beyond an allegation that she had "no reason prior to that [September 2021] discovery to know of Defendants' unauthorized use of the Subject Photograph."  First Am. Compl. ¶ 13.  That allegation, standing alone, is insufficient to overcome the time-bar.[3]  Plaintiff's direct copyright infringement claim is thus dismissed.[4]

## II.    Vicarious and Contributory Copyright Infringement

Defendants next argue that Plaintiff's vicarious and contributory copyright infringement claims should be dismissed because they are based solely on conclusory allegations.  "A defendant may be held liable for contributory copyright infringement if, 'with knowledge of the infringing

---

[3] It is true that "a copyright holder does not have a general duty to police the internet to discover a defendant's use of his photographs."  *Parisienne*, 2021 WL 3668084, at *2 (internal quotation marks and brackets omitted).  But Plaintiff was fairly put on "inquiry notice" at the time of the alleged Infringing Use, given the other lawsuits she had filed, and would continue to file, to protect her copyrighted works.  *See id.* at *4 (concluding that the copyright claim was not time-barred because the defendant did not "provid[e] sufficient evidence or explanation for how [the plaintiff] should have known about the alleged infringement, or been put on inquiry notice, between [the date of the alleged infringing use] and [the date the infringing use was discovered by the plaintiff]").

[4] Although Defendants have not argued that the vicarious and contributory copyright infringement claims and DMCA claims are also time-barred, Plaintiff should be prepared to address any such challenge should she choose to amend the Complaint.  *See Roberts v. BroadwayHD LLC*, 518 F. Supp. 3d 719, 730, 737 (S.D.N.Y. 2021).

activity,' it 'materially contributes to the infringing conduct of another.'" *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 432 (S.D.N.Y. 2011) (quoting *Matthew Bender & Co., Inc. v. W. Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998)). "An allegation that a defendant merely provid[ed] the means to accomplish an infringing activity is insufficient to establish a claim for contributory infringement." *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 750 (S.D.N.Y. 2012) (internal quotation marks omitted), *aff'd sub nom. Wolk v. Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014). In addition, "[v]icarious infringement exists where one 'profit[s] from direct infringement while declining to exercise a right to stop or limit it,'" again "with knowledge of the infringing activity." *Id.* at 750-51 (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)). Under both theories, "a plaintiff first must establish direct infringement by the relevant third party." *Arista Records*, 784 F. Supp. 2d at 423.

Plaintiff fails to identify any third party who directly infringed the Subject Photograph, nor does she provide any factual support regarding Defendants' knowledge of the infringing activity. With respect to contributory infringement, Plaintiff simply alleges, in conclusory fashion, that "Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph"; and that Defendants "publish[ed] photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publish[ed] the Infringing Use on affiliate, third-party, and social media sites; and distribut[ed] the Infringing Use to third-parties and the public." First Am. Compl. ¶ 25. As to vicarious infringement, Plaintiff alleges—in similarly conclusory fashion—that Defendants "had the right and ability to supervise the infringing conduct" and that "they had a direct financial interest in the infringing conduct." *Id.* ¶ 26. These allegations are no more than "threadbare recitals of a cause of action's elements, supported by mere conclusory

statements," which cannot sustain a claim on a motion to dismiss. *Iqbal*, 556 U.S. at 663; *see, e.g.*, *McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 610 (S.D.N.Y. 2020) ("[A]part from alleging that unidentified defendants 'contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein,' there are no facts supporting the existence of any third parties, as both theories clearly require."). Plaintiff's vicarious and contributory copyright infringement claims are thus dismissed.

### III.    Digital Millennium Copyright Act Claims

Finally, Defendants argue that Plaintiff fails to state a claim under the DMCA. The DMCA, which was enacted "to strengthen copyright protection in the digital age," *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 435 (2d Cir. 2001), provides that no person shall knowingly and intentionally distribute copyright management information ("CMI") that is "false," 17 U.S.C. § 1202(a), or "intentionally remove or alter" CMI, *id.* § 1202(b). CMI is defined as "[t]he name of, and other identifying information about, the author . . . [or] copyright owner" that is "conveyed in connection with" a creative work. *Id.* § 1202(c). Plaintiff alleges both that Defendants removed her CMI from the Subject Photograph, and that they added false CMI to the Subject Photograph before reproducing it. The Court will address each theory in turn.

#### A.    Removal of CMI

"To establish a violation of [§ 1202(b)], a litigant must show (1) the existence of CMI on the allegedly infringed work, (2) the removal or alteration of that information[,] and (3) that the removal was intentional." *Fischer v. Forrest*, 968 F.3d 216, 223 (2d Cir. 2020). The Complaint, however, is devoid of any allegation regarding "the existence of CMI on the allegedly infringed work." Plaintiff merely alleges—in conclusory fashion—that "[t]he Subject Photograph was routinely published with attribution, credit, and other copyright management information

identifying Plaintiff as the author."  First Am. Compl. ¶ 31.  Plaintiff does not offer a single

example of the Subject Photograph ever being published with her CMI, nor does she specify what

CMI existed on the Subject Photograph that Defendants allegedly removed.  Indeed, the image of

the Subject Photograph attached to the Complaint does not display any discernible CMI.  *See* First

Am. Compl., Ex. A.  The same barebones allegations have been rejected in this district before.

*See, e.g.*, *Crowley v. Jones*, __F. Supp. 3d__, 2022 WL 2237453, at *7 (S.D.N.Y. June 22, 2022)

("[T]he Complaint does not identify the existence of CMI on the Photograph.  It asserts that

Crowley's work 'was routinely published with attribution, credit and other copyright information,'

but it does not describe any CMI associated with the Photograph.").

Given that Plaintiff has not plausibly pled the existence of CMI on the Subject Photograph

in the first place, she also fails to plead that Defendants intentionally removed her CMI from it.

The Complaint merely alleges, again in conclusory fashion, that "Defendants, and each of them,

removed Plaintiff's copyright management information, as described above, from the Subject

Photograph."  First Am. Compl. ¶ 32.  This allegation is plainly insufficient to sustain a claim that

Defendants intentionally removed Plaintiff's CMI.

## B.  False CMI

Plaintiff further fails to plausibly allege that Defendants added false CMI to the Subject

Photograph.  To qualify as CMI, information must be "conveyed in connection with" the

copyrighted work.  17 U.S.C. § 1202(c).  CMI does not need "to appear on the work itself," but it

must "be accessible in conjunction with, or appear with, the work being accessed."  *Mango v.

BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 377-78 (S.D.N.Y. 2019), *aff'd*, 970 F.3d 167 (2d Cir. 2020).

After all, "the point of CMI is to inform the public that something is copyrighted."  *Roberts v.

BroadwayHD LLC*, 518 F. Supp. 3d 719, 737 (S.D.N.Y. 2021) (internal quotation marks omitted);

*see also Laser Kitten, LLC v. Marc Jacobs Int'l, LLC*, No. 17-cv-8613 (JFK), 2018 WL 4830091, at *4 (S.D.N.Y. Oct. 4, 2018) (quoting *Aaberg v. Francesca's Collections, Inc.*, No. 17-cv-115 (AJN), 2018 WL 1583037, at *7 (S.D.N.Y. Mar. 27, 2018)) ("The lack of allegations that MJI's branding signaled authorship or copyright ownership is particularly fatal to an attempt to allege CMI because the 'point of CMI is to inform the public that something is copyrighted.'").

Plaintiff identifies two pieces of purported CMI that she claims were added to the Subject Photograph: (1) the "Complex" logo located in the top-lefthand corner of the webpage, and (2) the "BY COMPLEX STAFF" byline that appears below the article's title and above the Subject Photograph. *See* First Am. Compl. ¶ 33. Neither properly constitutes CMI. The "Complex" logo is a generic imprint on the website that is not located on or near the Subject Photograph, and it says nothing about the photograph's authorship or copyright status. *Cf, e.g.*, *SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.*, 804 F. App'x 668, 670-71 (9th Cir. 2020) (concluding that the defendants' copyright notice was not CMI because it "was located at the bottom of the webpage in a shaded box, separating it from the rest of the content on the webpage; Defendants' notice was generic and did not communicate that Defendants owned the photos; [and] Defendants' notice was not located on or next to Plaintiff's photos"); *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 928 (N.D. Ill. 2013) (concluding that the website's name, poetrygift.com, was not CMI because it was "at best, an indicator of the seller of the product, which says nothing about the copyright status of the product; in the same way, Amazon.com does not suggest that Amazon owns copyrights with respect to every product it sells").

Similarly, the "BY COMPLEX STAFF" byline does not plausibly "inform the public that [the Subject Photograph] is copyrighted." *Roberts*, 518 F. Supp. 3d at 737. The byline appears

right below the article's title—"Biggie's Birthday is Now Officially 'The Notorious B.I.G. Day' in Brooklyn"—and on the same line as the date of the article, "May 21, 2016." *See* First Am. Compl. ¶ 33. The Subject Photograph then appears below the byline, albeit much further from the byline than the article's title. *Id.* Under these circumstances, the byline clearly refers to authorship of the article itself and not the photograph. By contrast, courts have found that "gutter credit," or a name "appear[ing] in a separate line of text *below* the Photograph but above the article text," can constitute CMI, because they are "often placed adjacent to photographs to indicate its photographer." *Mango*, 356 F. Supp. 3d at 372 (emphasis added); *see also, e.g.*, *Hirsch v. Sell It Social, LLC*, No. 20-cv-153 (LTS) (BCM), 2020 WL 5898816, at *3 (S.D.N.Y. Oct. 5, 2020) (reasoning that gutter credit, when "positioned below the Photo," "comes within the definition of CMI because it identified Hirsch as the author of the Photo and was 'conveyed in connection with' the Photo's publication in the New York Post article"); *Wood v. Observer Holdings, LLC*, No. 20-cv-07878 (LLS), 2021 WL 2874100, at *6 (S.D.N.Y. July 8, 2021) (reasoning that a "credit line attribution" placed "below each of the 13 photos constitutes CMI"). Without further factual allegations, the Court cannot conclude that the byline "BY COMPLEX STAFF" plausibly conveys authorship of the Subject Photograph. Plaintiff's DMCA claim is thus dismissed.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is granted.  Plaintiff shall have

one opportunity to amend the Complaint within thirty days, provided she has a good faith basis to

do so.  The Clerk of Court is respectfully directed to terminate the motions pending at docket

number 16 and 29.

Dated:      January 10, 2023
            New York, New York

_____
Ronnie Abrams
United States District Judge