**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANA RUTH LIXENBERG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COMPLEX MEDIA, INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 1:22-cv-354-RA<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. Copyright Infringement<br>and<br>2. Violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, Dana Ruth Lixenberg ("Lixenberg" or "Plaintiff"), by and through her undersigned attorneys, hereby prays for the following relief through her complaint, against all defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, Dana Ruth Lixenberg ("Lixenberg"), is an individual currently residing in the Netherlands.

5. Plaintiff is informed and believes and thereon alleges that Defendant Complex Media, Inc. ("Complex") is a Delaware corporation, having its principal place of business at 229 West 43rd Street, New York, New York 10036-3982, and is doing business within this District.

6. Defendants Does 1 through 10, inclusive (collectively with Complex, "Defendants"), are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or

subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHIC WORK

8. Lixenberg is a critically acclaimed photographer well-renowned for, amongst other things, creating compelling and resonant portraiture and imagery. Her celebrated portfolio includes photographs depicting cultural icons as Tupac Shakur as Jay-Z, among others. Much of Lixenberg's work has been dedicated to the portrayal of underserved and marginalized communities.

9. Plaintiff created and exclusively owns the photography depicting famed musician Notorious B.I.G., depicted in **Exhibit A** attached hereto (the "Subject Photograph").

10. Plaintiff complied in all respects with the Copyright Act, 17 U.S.C. § 101 *et seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph, which is registered with the United States Copyright Office under Registration No. VA0001976754.

11. The Subject Photograph was created and first published in 1996.

12. Prior to the acts complained of herein, Plaintiff publicly displayed and distributed the Subject Photograph, either directly or through license.

13. Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Subject Photograph for financial benefit and without Plaintiff's consent, by, without limitation, incorporating the Subject Photograph in online posts and articles, including and without limitation at website https://www.complex.com, which is owned and operated by and through Complex, in an article entitled "Biggie's Birthday is Now Officially 'The Notorious B.I.G. Day in Brooklyn'" ("the Infringing Use"). True and correct copies and screen captures of Defendants' unauthorized uses are depicted in **Exhibit B** attached hereto.

14. Lixenberg discovered the Infringing Use on or around September 2021 and had no reason prior to that discovery to know of Defendants' unauthorized use of the Subject Photograph.

15. Lixenberg lives in the Netherlands.

16. She does not subscribe to the Complex website or regularly or sporadically view Complex's content. She has no business, personal, or other relationship with Complex. She has no interest in Complex whatsoever and no reason to visit its site.

17. Complex exploited the Subject Photograph without permission and without attribution credit to Lixenberg and without providing to her notice of the use.

18. Complex knew, or should have known, that they could not display Lixenberg's work without her consent, as such display violates 17 U.S.C. § 106.

19. Lixenberg does not subscribe to image reverse software to locate allegedly infringing photographs online or resources for searching for "hard-to-detect" infringing uses of her images.

20. Any prior lawsuits Lixenberg filed involving the Subject Photograph involved entities and/or websites unrelated to Complex, so Lixenberg had no reason to know of Complex's Infringing Use during the time period at issue.

21. The disputed use of the Subject Photograph in *Lixenberg v. ServedFresh, LLC*, No. 19 CIV. 1211 (AKH) involved clothing, not web use, and did not involve Complex.

22. Even if Lixenberg had the resources to continuously monitor the internet for exploitation of her work without her consent, she has decades of work and it is impossible for her to police the over two billion websites in existence for copyright infringement, especially when new articles are being published on millions of websites multiple times per day.

23. If Lixenberg were forced to continuously monitor the web for infringement, it would be a full-time job and leave her with little time to create art and would constitute a reasonable burden.

24. If Complex wished to exploit Lixenberg's photography on its website, its obligation was to contact Lixenberg to obtain her consent and negotiate a license. It failed to do so.

25. Upon information and belief, Lixenberg alleges that Defendants, and each of them, had access to the Subject Photograph, including through Lixenberg's online profiles and features, online publications and press featuring Lixenberg's work, /or through viewing the Subject Photograph on third-party websites.

26. Lixenberg has not in any way authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photograph.

27. Prior to the filing of this litigation, Lixenberg, through counsel, contacted Complex and demanded that it remove the infringing work at issue and attempted to resolve the dispute on a reasonable basis. Despite the foregoing, no reasonable resolution could be reached.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

28. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

29. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also shows access.

30. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph as part of the Infringing Use, as depicted in **Exhibit B** hereto.

31. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

32. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized

but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph in an amount to be established at trial.

34. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)**

35. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

36. The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author. Nonexclusive exemplars are depicted below:

///

///

///

///

///

///

///

///

///

///

https://www.documentjournal.com/2020/02/dana-lixenbergs-portraits-of-rap-icons-and-folk-heroe...



Dana Lixenberg, *Christopher Wallace (Biggie), 1996 (II).*
Courtesy of the Artist and GRIMM, Amsterdam | New York.

"Some years back, I started noticing my photographs of Tup
being used everywhere," Lixenberg says. In 2015, the photo

https://www.vibe.com/news/entertainment/dana-lixenberg-pop-up-shop-vibe-magazine-photos-664621/

VIBE Menu READ NEXT: Eminem's Daughter Hailie Jade Engaged T



COURTESY OF DANA LIXENBERG

37. Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, including without limitation, her name, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photography, before distributing and publishing same.

38. Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph at and on websites bearing the URL(s) depicted in Exhibit B hereto, under the "Complex" name and branding and under the byline "BY COMPLEX STAFF", implying that Complex created the entire article, and removing Plaintiff's attribution information, including without limitation her name and/or metadata. Defendants, and each of them, violated Section 1202 of the Copyright Act by displaying, publishing, and distributing the Subject Photograph with attribution and copyright management information that identifies Complex as the author of the Subject Photograph, as depicted below:



39. Complex's publication and display of the Subject Photograph under the "Complex" logo and "BY COMPLEX STAFF" byline signals authorship or copyright ownership of the entire article, including the Subject Photograph, by Complex. Complex's authorship or copyright ownership of the Subject Photograph is also implied by this unauthorized display under its branding because this is the only photograph in the article at issue, and it was published without any gutter credit to anyone else.

40. The aforementioned facts concern "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and said information on and in the Infringing Use is false.

41. When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

42. When Defendants published the Subject Photograph, they removed Plaintiff's copyright management information from the Subject Photograph and added their own, knowing or having reason to know that such removal would induce, enable, facilitate, or conceal and infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

43. As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to

remove the Subject Photograph from any print, website, or other publication owned, operated and controlled by any Defendant;

2. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law;

3. That a constructive trust be entered over any revenues or proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's rights;

4. That Plaintiff recover her attorneys' fees as available under the Copyright Act U.S.C. §505 and/or §1203;

5. That Plaintiff be awarded her costs and fees under the statutes set forth above;

6. That Plaintiff be awarded statutory damages and/or penalties as set forth above;

7. That Plaintiff be awarded pre-judgment interest as allowed by law;

8. That Plaintiff be awarded the costs of this action; and

9. That Plaintiff receive such legal and equitable relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 9, 2023
New York, New York

Respectfully Submitted,

By: ______________________

Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
Attorneys for Plaintiff

**EXHIBIT A**



**EXHIBIT B**


COMPLEX
MUSIC STYLE POP CULTURE SPORTS LIFE SNEAKERS SHOWS SHOP
LIVE IN LEVI'S
BUY BETTER. WEAR LONGER.
See how
CONSUMPTION
PIGEONS & PLANES
Biggie's Birthday Is Now Officially "The Notorious B.I.G. Day" in Brooklyn
BY COMPLEX STAFF
COMMENT
OUR COMMUNITY
Join the conversation on Complex today!
COMMENT
May 21 has been a holiday of sorts throughout Brooklyn and all of the rap community since the passing of The Notorious B.I.G., but now it's official.
To honor the late great, Brooklyn Borough President Eric Adams has declared Biggie Smalls birthday "Christopher 'The Notorious B.I.G.' Wallace Day" and presented his daughter T'yanna Wallace and Lil Cease with a proclamation, DNAinfo reports.