**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

DANA RUTH LIXENBERG, an individual,

Plaintiff,

-against-

COMPLEX MEDIA, INC., a Delaware
corporation; and DOES 1-10,

Defendants.

Civil Action No.: 1:22-cv-354 (RA) (DCF)

**ORAL ARGUMENT IS REQUESTED**

---

**DEFENDANT COMPLEX MEDIA, INC.'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

---

Nancy A. Del Pizzo
nancy.delpizzo@rivkin.com
**RIVKIN RADLER LLP**
25 Main Street, Ste. 501
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)
(212) 687-9044 (F)

*Attorneys for Defendant,*
*Complex Media, Inc.*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................................ 4

    A.    DMCA Allegations Remain Insufficient ...................................................... 7

    B.    Plaintiff Is A Seasoned Copyright Infringement Litigator Who Knew Or Should Have Known Of An Infringement Occurring Almost Seven Years Ago .......................................................................................................... 8

LEGAL ARGUMENT ...................................................................................... 9

  I.    PLAINTIFF FAILED TO ADEQUATELY PLEAD DMCA 1202 Claims ......... 10

    A.    Plaintiff Failed To Plead Double Scienter ................................................. 10

    B.    Plaintiff Failed To Plead That Complex Media Provided "False" CMI ... 11

    C.    Plaintiff Failed To Plead Facts To Support A 1202(b) Claim ................. 13

  II.    THE COPYRIGHT ACTION IS BARRED ...................................................... 13

    A.    This Is A Seasoned Litigator Who Also Had Inquiry Notice ................. 13

    B.    *Rotkiske* Bars This Action ....................................................................... 15

  III.    THE "DOES" MUST BE DISMISSED ........................................................ 18

  IV.    PLAINTIFF CANNOT OBTAIN STATUTORY DAMAGES, FEES OR COSTS ........................................................................................................ 18

CONCLUSION ............................................................................................ 21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arroyo v. City of N.Y.*,
No. 17-2862, 2017 WL 6397761 (2d Cir. Dec. 11, 2017)......................................................18

*Bouchat v. Bon-Ton Dep't Stores, Inc.*,
506 F.3d 315 (4th Cir. 2007) ................................................................................................20

*Brass v. Am. Film Tech., Inc.*
987 F.2d 142 (2d Cir. 1993)....................................................................................................9

*Brooks d/b/a EW Brooks Books LLC v. Dash and Poppington LLC d/b/a Dame Dash Studios*,
454 F.Supp.3d 331 (S.D.N.Y. 2020)......................................................................................19

*Burnett v. N.Y. Central R.R. Co.*,
380 U.S. 424 (1965)...............................................................................................................17

*BWP Media USA, Inc. v. Gossip Cop Media, LLC*,
87 F.Supp.3d 499 (S.D.N.Y. 2015) .........................................................................................9

*Cotto v. City of N.Y.*,
No. 15-cv-9123, No.: 16-cv-226, 2017 WL 3476045 (S.D.N.Y. Aug. 11, 2017) ...............................................................................................................................18

*Cotto v. City of N.Y.*,
803 Fed.Appx. 500 (2d Cir. 2020).........................................................................................18

*EsNtion Records, Inc. v. Triton TM, Inc.*,
No. 3:07-cv-2027, 2009 WL 3805827 (N.D. Tex. Nov. 13, 2009) ........................................19

*Everly v Everly*,
958 F.3d 442 (6th Cir. 2020...................................................................................................16

*Fischer v. Forrest*,
286 F.Supp.3d 590 (S.D.N.Y. 2018)......................................................................................12

*Granger v Assocs. Abstract, LLC*,
No. 09-cv-510, 2010 WL 11692440 (D.N.J. April 6, 2010)....................................................19

*Grecco Prods. v. Alamy*,
372 F.Supp.3d 131 (E.D.N.Y. 2019) .....................................................................................10

*Harris v. Mills*,
572 F.3d 66 (2d Cir. 2009).......................................................................................................9

*Hirsch v. Rehs Galleries, Inc.*,
   No. 18-cv-11864 (VSB), 2020 WL 917213 (S.D.N.Y. Feb. 26, 2020) ................................20

*Hogan v. Fischer*,
   738 F.3d 509 (2d Cir. 2013)..................................................................................18

*Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*,
   399 F.Supp.3d 120 (S.D.N.Y. 2019)......................................................................18

*Krechmer v. Tantaros*,
   747 F.Appx.6 (2d Cir. 2018).................................................................................10

*Laser Kitten, LLC v. Marc Jacobs Int'l*,
   No. 17-cv-8613, 2018 WL 4830091 (S.D.N.Y. Oct. 4, 2018)................................11

*Leonard v. Stemtech Health Sciences, Inc.*,
   No. 08-cv-067 (LPS) (CJB), 2011 WL 6046701 (D. Del Dec. 5, 2011) ................................20

*Lixenberg v. Complex Media, Inc.*,
   No. 22-cv-354 (RA) (DCF), 2023 WL 144663 (S.D.N.Y. Jan. 10, 2023) . 2, 11, 12, 13, 14, 15

*Long v. Parry*,
   679 F.App'x 60 (2d Cir. 2017) ..............................................................................21

*Menominee Indian Tribe of Wisconsin v. U.S.*,
   136 S.Ct. 750 (2016) ..............................................................................................17

*Merck & Co. v. Reynolds*,
   559 U.S. 633 (2010)................................................................................................17

*Minden Pictures, Inc. v. BuzzFeed, Inc.*,
   390 F.Supp.3d 461 (S.D.N.Y. 2019).............................................................2, 13, 15

*Morales v. N.Y. Univ.*,
   585 F.Supp.3d 610 (S.D.N.Y. 2022).....................................................................21

*Nichols v. U.S.*,
   136 S.Ct. 1113 (2016).............................................................................................17

*Papazian v. Sony Music Entm't*,
   No. 16-cv-07911, 2017 WL 4339662 (S.D.N.Y. Sept. 28, 2017) ...........................18

*Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
   975 F. Supp. 2d 920 (N.D. Ill. 2013)......................................................................12

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
   602 F.3d 57 (2d Cir. 2010).................................................................................4, 9

*Rotkiske v. Klemm*,
  140 S.Ct. 355 (2019) ........................................................................3, 15, 16, 17

*SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.*,
  804 F. App'x 668 (9th Cir. 2020) ....................................................................12

*Shihab v. Complex Media, Inc.*,
  No. 21-cv-6425, 2022 WL 3544149 (S.D.N.Y. Aug. 17, 2022) ..........................20

*Sohm v. Scholastic Inc.*,
  959 F.3d 39 (2nd Cir. 2020) ..............................................................3, 15, 17, 18

*Trachtenberg v. Dep't of Educ.*,
  937 F.Supp.2d 460 (S.D.N.Y. 2013) ...................................................................9

*Ward v. Nat'l Geographic Soc.*,
  208 F.Supp.2d 429 (S.D.N.Y. 2002) .................................................................12

*Wolstenholme v. Hirst*,
  271 F.Supp.3d 625 (S.D.N.Y. 2017) ...................................................................4

**Statutes**

12 U.S.C. § 3416 ....................................................................................................16

15 U.S.C. § 77 .......................................................................................................16

15 U.S.C. § 1679 ...................................................................................................16

17 U.S.C. §1201 ....................................................................................................19

17 U.S.C. § 412 ...............................................................................................19, 20

17 U.S.C. § 1202 ........................................3, 4, 5, 7, 10, 11, 12, 13, 19, 20

17 U.S.C. § 500 ...................................................................................................3, 20

17 U.S.C. § 505 ...............................................................................................19, 20

50 U.S.C. § 4611 ...................................................................................................16

**Federal Rules**

Fed. R. Civ. P. 12(b) .......................................................................................1, 9, 21

Fed. R. Civ. P. 12(d) ................................................................................................1

**Other Authorities**

*Lixenberg v. Oath Inc. et al.*
  1:19-cv-01208 (S.D.N.Y. 2019) ........................................................................8, 14

*Lixenberg v. Servedfresh LLC et al.*
  1:19-cv-01211 (S.D.N.Y. 2019) ........................................................................8, 14

*Dana Ruth Lixenberg v. Bioworld Merchandising et al.*
  2:15-cv-07242 (C.D. Cal. 2015) ........................................................................8, 14

*Dana Ruth Lixenberg v. Spotify USA Inc. et al.*
  2:16-cv-03934 (C.D. Cal. 2016) ........................................................................8, 14

*Dana Ruth Lixenberg v. American Rag Cie II et al.*
  2:17-cv-05391 (C.D. Cal. 2017) ........................................................................8, 14

*Dana Ruth Lixenberg v. Jimmy Jazz E-Commerce LLC et al.*
  2:17-cv-08189 (C.D. Cal. 2017) ........................................................................8, 14

## PRELIMINARY STATEMENT

Defendant, Complex Media, Inc. ("Complex Media"), respectfully submits this memorandum of law in support of its motion to dismiss in its entirety the Second Amended Complaint ("Second Amended Complaint") filed by plaintiff, Dana Ruth Lixenberg ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b), or in the alternative, for summary judgment under Fed. R. Civ. P. 12(d). Plaintiff filed an amended complaint after Complex media moved to dismiss the initial complaint. Complex Media renewed its motion, and the Court dismissed the First Amended Complaint without prejudice. Like the previous two versions of the complaint, the Second Amended Complaint remains subject to dismissal.

The Second Amended Complaint sets forth two of the same three claims – all of which were previously dismissed by this Court: (1) First Claim for Relief against Complex Media and unidentified DOES for copyright infringement; and (2) Second Claim for Relief against Complex Media and unidentified DOES for violations of the Digital Millennium Copyright Act ("DMCA"), for removal of copyright management information ("CMI") under section 1202(b) and for distributing false CMI under section 1202(a). Plaintiff filed her Second Amended Complaint on February 9, 2023 and again asserts claims regarding one photograph of a musician known as the Notorious B.I.G. ("BIG") that was allegedly infringed in an article published online on May 21, 2016.

The DMCA claim remains insufficient whether under § 1202(b) (removal of CMI) or 1202(a) (use of false CMI). A § 1202 claim, whether under (a) or (b), must include allegations to support double scienter (knowledge and intent) – and not just the conclusory statement that they exist. Plaintiff again fails to set forth requisite factual allegations to support all elements. The 1202 claim is subject to dismissal for additional reasons. As to 1202(b), Plaintiff identifies her purported

1

CMI, but those exemplars, even if CMI, are dated years _after_ the alleged infringement.  In other words, Complex Media could not have had the requisite knowledge and intent to remove CMI because it could not have been aware of the Plaintiff's alleged use of CMI at the time of the alleged infringement. As to 1202(b), Plaintiff still alleges that the "false" CMI purportedly added to Plaintiff's photograph is Complex Media's webpage logo and the byline of the article on that page, which this Court already held is not CMI, and therefore, not false CMI. Thus, Plaintiff remains unable to sustain a 1202 claim.

Plaintiff also cannot sustain its copyright infringement claim. Under _Minden v. BuzzFeed_ and this Court's decision in _Lixenberg v. Complex Media_, Plaintiff's copyright infringement claim is unsustainable. Plaintiff cannot overcome the fact that she is a seasoned copyright infringement litigator, having filed more than 20 copyright infringement lawsuits.  Under _Minden_, and _Lixenberg_, this stale claim is dismissible for that reason alone. There is no "exception" for where the seasoned U.S. litigator resides outside the United States, as newly alleged here, or where the seasoned litigator has not "subscribed" to a reverse image software application (which are available for free on the internet) or "subscribed" to Complex Media's website (which is not subscription-based), or where the defendant in those lawsuits is not the same defendant.  Also, no Court has required that a plaintiff use any particular mechanism for demonstrating due diligence, but the courts require, as a matter of law, due diligence from every copyright holder. It is because a plaintiff is a frequent file-er of copyright infringement lawsuits (like Lixenberg is here) that this Court in _Minden_ (and in _Lixenberg_, adopting _Minden_) held such plaintiff knew or _should have known_ of the alleged infringement.  That alone requires dismissal.

Here, there are additional facts to support dismissal. Not only is this Plaintiff a seasoned copyright litigator – which on its own requires dismissal of a stale claim – she also was on notice

that this very photograph had been infringed on the internet, which is a separate and distinct basis for a finding that she should have known of this alleged infringement within the three-year statute of limitations. This Plaintiff filed more than 20 copyright lawsuits including regarding the very same photograph of BIG and including allegations of infringement <u>on the internet</u>. Thus, Plaintiff – though residing outside the United States – was obviously able to locate infringements of the same photograph on the internet many years ago, and was therefore on notice that her image had been circulated online. Indeed, one of those claims was before Your Honor. She also retained a law firm in the United States for those many lawsuits that on its own is a frequent copyright infringement file-er. That is sufficient inquiry notice for this Court to maintain its holding that she should have known of this alleged infringement within three years of the alleged infringement.

Complex Media also respectfully submits that the Supreme Court's decision in *Rotkiske* requires dismissal. On the previous motion, this Court disagreed, holding in part that *Rotkiske* was confined to a Fair Debt Collection Practices Act ("FDCPA") matter per a footnote in the Second Circuit's decision in *Sohm v. Scholastic*. Complex Media respectfully submits that the Second Circuit erred in that *Rotkiske* was not so confined as the Justices discussed statutory construction generally as well as statutes unrelated to the FDCA. Also, the Second Circuit has not addressed *Rotkiske* any further than in a footnote – and in that case, there were fraud claims, which remain an exception even under *Rotkiske*. We resubmit this argument here to preserve Complex Media's rights.

Additionally, the DOES must be dismissed as a matter of law and based on this Court's prior decisions – including dealing with this same Plaintiff's law firm.

Finally, Plaintiff's requests for statutory damages and legal fees are subject to dismissal whether under section 505 or 1202. Thus, even if the Second Amended Complaint were to

withstand this motion, which it should not, the Court should enter an order dismissing Plaintiff's claims for statutory damages and legal fees.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

On or about January 13, 2022, Plaintiff filed a Complaint against Complex Media and DOES 1-10. (D.E. 1). The Complaint did not provide even the basic required information in a copyright infringement action, such as a copyright registration number and when plaintiff learned of the alleged infringement. Thus, Complex Media was caused to expend time and money to file a motion to dismiss the Complaint. (D.E. 12).

Instead of responding to the motion, on March 28, 2022, Plaintiff filed an Amended Complaint that was largely identical to the Complaint.  (D.E. 15). Like the Complaint, Plaintiff alleged three claims for relief: a First Claim for Relief against Complex Media and unidentified DOES for copyright infringement; a Second Claim for Relief against Complex Media and unidentified DOES for Vicarious and/or Contributory Copyright Infringement; and a Third Claim for Relief against Complex Media and unidentified DOES for violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202 ("DMCA"), and alleged removal of copyright management information ("CMI") (presumably under section 1202(b)) and that it "added false" CMI to the photograph (presumably under section 1202(a)).  (D.E. 15, p. 6).  Plaintiff made the conclusory statement that defendants "knowingly provided and/or distributed false" CMI in violation of

---

[1] Complex Media accepts the facts in the Second Amended Complaint as true only for purposes of this motion except to the extent there are allegations that contradict specific visual references. *See Wolstenholme v. Hirst*, 271 F.Supp.3d 625, 633 (S.D.N.Y. 2017); *see also, Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) ("The works themselves superseded and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings.").

section 1202(a) but provided no facts to support that conclusory claim. Plaintiff also failed to allege the requisite intent. (*Id*.).

On January 10, 2023, this Court dismissed the First Amended Complaint. (D.E. 34).   The Court provided "one opportunity" for Plaintiff to again amend its complaint within thirty days "provided she has a good faith basis to do so."  (*Id*.).

On February 9, 2023, Plaintiff filed a Second Amended Complaint.  (D.E. 35).  The Second Amended Complaint makes two of the same claims that were previously dismissed: (1) First Claim for Relief against Complex Media and unidentified DOES for copyright infringement; (2) Second Claim for Relief against Complex Media and unidentified DOES for violations of the Digital Millennium Copyright Act ("DMCA"), for removal of copyright management information ("CMI") under section 1202(b) and for distributing false CMI under section 1202(a). It also maintains the unidentified DOES (*Id*.). It continues to seek statutory damages and legal fees. (*Id*.).

Plaintiff's claims regard one photograph of BIG that allegedly was infringed in an article published online on May 21, 2016. (*Id*.). Plaintiff alleges that she registered the work under Registration No. VA0001976754. (*Id*. at ¶ 10). According to documents available at copyright.gov, this alleged registration number corresponds to a registration dated September 15, 2015 for a photograph titled: Notorious B.I.G. However, also according to copyright.gov, Plaintiff has at least two other copyright registrations for photographs titled, Notorious B.I.G., that were registered in 2017. In all events, statutory damages and attorneys' fees remain unrecoverable to Plaintiff regardless of which registration date is accurate because statutory damages and attorneys' fees are not available to copyright litigators who file claims more than three years after the alleged infringement as set forth in more detail below.

Plaintiff alleges that she discovered the alleged infringing use "on or around September 2021," more than five years after the alleged infringement. (D.E. 35, ¶14).  In her first version of a complaint, she did not allege when she supposedly first discovered this stale claim.  In the First Amended Complaint (which was dismissed), she claimed to have first learned of the use on or around September 2021 and that she had no reason prior to that discovery to know of the use. In the Second Amended Complaint, she still neglects to say how she discovered the use or why it took more than five years to do so. Instead, she once again maintains that she "had no reason prior to that discovery to know of Defendants' unauthorized use…"  (D.E. 35, ¶14).

Plaintiff alleges that she "lives in the Netherlands," "does not subscribe to the Complex media website," does not "regularly or sporadically view Complex's content" or have any "business, personal, or other relationship with Complex," nor does she have any "interest in Complex whatsoever and no reason to visit its site." (D.E. 35, ¶15,16). She also alleges she does not "subscribe" to reverse image software. (*Id*. at ¶19).

These allegations are meaningless or simply not credible.  Complex Media's website does not require a subscription for viewers (*see* www.complex.com), and like all websites, is available to viewers all over the world, and Plaintiff plainly had an interest in viewing Complex media's website, which she would have been required to do to file this lawsuit, unless she is not aware this lawsuit has been filed. Further, reverse image software has been readily available for free on the internet since at least 2008, and no subscription is required. *See, e.g.,*  https://www.free-power-point-templates.com/articles/top-5-best-free-reverse-image-search-engines/  (last viewed on March 6, 2023).  By way of example, Tin Eye has been around since 2008, and viewers can simply input photographs for the search without subscribing to anything.  *See* https://tineye.com/about (last viewed on March 6, 2023).

A.      DMCA Allegations Remain Insufficient

Plaintiff asserts a Third Claim for Relief for violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202 ("DMCA").  (*See* D.E. 35).  Within the Third Claim for Relief, Plaintiff still appears to combine allegations of removal of CMI with the addition of false CMI.  (*Id*. at ¶¶ 29-34).

Plaintiff conclusorily alleges that she "routinely published with attribution, credit and other [CMI to] identifying Plaintiff as the author," (D.E. 35, ¶ 35), and the purported exemplary CMI she includes in the Second Amended Complaint is shown (as alleged) on the internet *after* the alleged infringement (D.E. 35, page 7). Specifically, Plaintiff alleges that her name, Dana Lixenberg, is included somewhere on two website pages (not on the photographs), and the website includes the photograph of BIG. But the first one, at www.documentjournal.com is plainly dated in February of 2020, as shown on page 7 of the Second Amended Complaint within the URL. (*Id*.). A visit to the URL for the second purported exemplary of her CMI demonstrates that that one is associated with a Vibe article dated in 2019.  (Declaration of Nancy A. Del Pizzo ("Del Pizzo Decl."), at Ex. B).

As for the allegation of distribution of false CMI, there also are no facts to sustain the claim. Like the previous versions of the complaint, in the Second Amended Complaint, Plaintiff alleges that the purported 'false CMI' is the Complex Media "COMPLEX" logo on the banner of the website page and the byline ("By Complex Staff") for the article on that page. Plaintiff made that same argument on Complex Media's most recent motion to dismiss the First Amended Complaint, and this Court held that "Neither properly constitutes CMI."  (D.E. 34, page 9). Thus, there are no facts to sustain a claim for adding false CMI.

Further, none of the allegations in the Second Amended Complaint set forth a factual basis to support that Complex Media violated the DMCA "intentionally" and "knowingly." Plaintiff

once again conclusorily alleges that Complex Media "knowingly provided and/or distributed false" CMI. (D.E. 35, ¶ 41).  But as stated above, Complex Media could not have known about Plaintiff's CMI since her exemplary examples occurred after the alleged infringement, and this Court previously held that Plaintiff's alleged "false CMI" is not CMI. There is not even the conclusory allegation of "intent," which is required -- nor could there be such an allegation when Plaintiff's DMCA claims are made on information and belief.  (*Id*. at ¶¶ 37 and 38).

### B.   Plaintiff Is A Seasoned Copyright Infringement Litigator Who Knew Or Should Have Known Of An Infringement Occurring Almost Seven Years Ago

Plaintiff is a seasoned litigator, having filed more than 20 nationwide copyright infringement lawsuits since 2015.[2] (Del Pizzo Decl., Ex. A). Notably, she is both a seasoned litigator, but also, she has known of alleged infringements on the internet of the identical photograph of BIG more than three years prior to filing this lawsuit. In fact, in a 2019 case before the Hon. Ronnie Abrams, U.S.D.J., Plaintiff alleged infringement of the identical photograph on a website and conceded she knew of the alleged infringement as early as June 23, 2016 (after the alleged infringement here).  *See* 1:19-cv-01208-RA, D.E. 1, ¶ 15. In other lawsuits regarding this same photograph, Plaintiff conceded knowledge more than three years prior to this lawsuit. (No. 1:19-cv-01211 (SDNY), cease and desist served 9-10-2018 (D.E.1, ¶12)): No. 2:16-cv-03934 (C.D.Cal. filed June 3, 2016 (D.E.1, Ex.A); No. 2:17-cv-05391 (C.D. Cal. filed 7-21-2017 (D.E.1, ¶10); No. 2:17-cv-08189 (C.D. Cal. filed 11-9-2017 (D.E. 1, ¶10). In fact, Plaintiff began searching for alleged infringements of this identical photograph at least as early as 2015. *See* 2:15-cv-07242 (C.D. Cal. Filed 9-15-2015 (D.E. 1, p.16 of 20).

Plaintiff references in the Second Amended Complaint one 2019 case before Judge Hellerstein, alleging that that case "involved clothing, not web use, and did not involve Complex."

---

[2] *See* Declaration of Nancy A. Del Pizzo, Ex.A.

(D.E. 35, ¶ 21). That selective view ignores her other lawsuits, which all involve the photograph of BIG and allegations of use on the internet, including one before Judge Abrams where the Plaintiff conceded she knew of the infringement in June of 2016. In all events, as this Court previously held, these cases demonstrate that this seasoned litigator had inquiry notice that the BIG photograph was being disseminated throughout the internet.

## LEGAL ARGUMENT

The standard of review for a Fed. R. Civ. P. 12(b)(6) is that the Court will review the complaint and determine if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Trachtenberg v. Dep't of Educ.*, 937 F.Supp.2d 460, 465 (S.D.N.Y. 2013). However, the "tenet" that claims on their face are accepted as true "is inapplicable to legal conclusions and threadbare recitals of the elements of a cause of action . . ." *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009). This Court is empowered to consider "documents attached to the complaint as an exhibit or incorporated by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *See Brass v. Am. Film Tech., Inc*. 987 F.2d 142, 150 (2d Cir. 1993). This includes the social media platforms and posts referenced in the Second Amended Complaint.

The Second Circuit "has endorsed the resolution of other copyright questions at the pleadings stage by analyzing the complaint and incorporating by reference the documents referred to therein." *BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 87 F.Supp.3d 499, (S.D.N.Y. 2015) (citing *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63-65 (2d Cir. 2010)). For purposes of a copyright action, "the works themselves superseded and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Gaito*, 602 F.3d at 64. Plaintiff has included a copy of the alleged

infringed work ("Photograph")  in the Second Amended Complaint at Exhibit A and a copy of the article where the alleged infringement occurred at Exhibit B. (D.E. 35).

## I.     PLAINTIFF FAILED TO ADEQUATELY PLEAD DMCA 1202 CLAIMS

Plaintiff's DMCA claim under section 1202 (her Third Claim for Relief) is not viable because she failed to plead necessary elements of a 1202 claim, whether under section (a) or (b).

### A.     Plaintiff Failed To Plead Double Scienter

A plaintiff is required to set forth <u>a factual basis</u> that the defendant be "intentional" and "knowing" in violating section 1202. *Krechmer v. Tantaros*, 747 F.Appx. 6, 9 (2d Cir. 2018) (plaintiffs must plausibly allege that defendant "knowingly" violated 1202 and that "the defendant did so with the intent to induce, enable, facilitate or conceal and infringement"); *Grecco Prods. v. Alamy*, 372 F.Supp.3d 131 (E.D.N.Y. 2019) (same). The Second Circuit in *Krechmer* held that a 1202 claim must plead "this double scienter requirement." *Id*. at 10 (affirming dismissal of 1202 claim for failure to plead factual basis for scienter).

Plaintiff fails to reference any "intentional" violation of the DMCA and uses the word "knowing" in conclusory fashion. Plaintiff's allegations also are upon "information and belief," and therefore, lack intention and knowledge.  (D.E. 35, ¶¶37,38). As to false CMI, Plaintiff's allegations are upon "information and belief," and lack intention and knowledge.

Plaintiff alleges that Complex Media removed CMI "knowing or having reason to know that such removal would induce . . .infringement," and together with its allegation that Complex Media "knowingly provided and/or distributed false" CMI are unsupported by any facts.  (D.E. 35, ¶¶41,42).

In addition to the fact that Plaintiff failed to allege the requisite intent and knowledge, she failed to allege facts to support the claim.

**B.      Plaintiff Failed To Plead That Complex Media Provided "False" CMI**

Further, to the extent Plaintiff claims a 1202(a) violation, it must be dismissed also because it is well settled that a necessary element of a 1202(a) claim is that the defendant provided "false" CMI, and the alleged infringing photographs here do not contain false CMI. *Lixenberg v. Complex Media, Inc.*, No. 22-cv-354, 2023 WL 144663, at *5 (S.D.N.Y. Jan. 10, 2023) (holding that the Complex Logo and byline are not CMI and dismissing false CMI claim); see also, *Laser Kitten, LLC v. Marc Jacobs Int'l*, No. 17-cv-8613, 2018 WL 4830091, at *2 (S.D.N.Y. Oct. 4, 2018) (dismissing 1202(a) claim for failing to allege defendant used false CMI). In analyzing a claim for "false CMI" under 1202(a), courts examine whether the "information defendant provided in connection with the allegedly infringing work is CMI," and whether that "information was false." *Id*. at *3. Accordingly, the Court first must determine whether the plaintiff adequately plead that she provided information that meets the definition of CMI, that the CMI is conveyed in connection with copies or displays of the work, and the information is CMI under the statutory definition. *Id*. Then, the Court must analyze whether the alleged infringing work is accompanied with false CMI. *Id*.

By statute, CMI is defined as:

(1)      The title and other information identifying the work [alleged to have been infringed], including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. (4) With the exception of public performances of works by radio and television broadcast stations, the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work. (5) With the exception of public performances of works by radio and television broadcast stations, in the case of an audiovisual work, the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work. (6) Terms and conditions for use of the work. (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights

11

may not require the provision of any information concerning the user of a copyrighted work.

*See* 17 U.S.C. § 1202(c); *Fischer v. Forrest*, 286 F.Supp.3d 590, 610-11 (S.D.N.Y. 2018) ("CMI exists to inform the public that a work is copyrighted and by whom").

Here, Plaintiff alleges Complex Media added false CMI, but the alleged infringement at page 8 of the Second Amended Complaint, like the previous version of the complaint, does not include any CMI. Plaintiff once again alleges that the Complex Media logo at the top of its website page and the byline on the article on the page is *false CMI* covered by 1202. (D.E. 35, ¶8). But this Court held that these are not CMI. *Lixenberg*, 2023 WL 144663, at *5 (citing *SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.*, 804 F. App'x 668, 670-71 (9th Cir. 2020) (concluding that the defendants' copyright notice was not CMI because it "was located at the bottom of the webpage in a shaded box, separating it from the rest of the content on the webpage; Defendants' notice was generic and did not communicate that Defendants owned the photos; [and] Defendants' notice was not located on or next to Plaintiff's photos") (citing *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 928 (N.D. Ill. 2013) (concluding that the website's name, poetrygift.com, was not CMI because it was "at best, an indicator of the seller of the product, which says nothing about the copyright status of the product; in the same way, Amazon.com does not suggest that Amazon owns copyrights with respect to every product it sells") (other citations omitted). *See also, Ward v. Nat'l Geographic Soc.*, 208 F.Supp.2d 429 (S.D.N.Y. 2002) (holding plaintiff failed to adduce evidence to justify a finding that defendants knew its own copyright notice was false when placed in proximity to plaintiff's photographs and texts; thus, no violation of DMCA by affixing defendant's copyright notice to every page printed from computerized archive).

Thus, there remains no factual allegations to support that Complex Media added false CMI to the alleged infringed photograph. Accordingly, there is no false CMI claim, and Plaintiff cannot sustain a claim under 1202(a).

### C.      Plaintiff Failed To Plead Facts To Support A 1202(b) Claim

As for the asserted 1202(b) violation, alleged removal of CMI, that also must be dismissed not only for failure to plead the requisite knowledge and intent but also because the claim is not possible as alleged. The alleged infringement occurred in 2016, making it impossible for Complex Media to have removed Plaintiff's CMI based on the exemplars – all of which became available after the alleged infringement. Complex Media could not have been aware of Plaintiff's purported examples of CMI use three and four years after the alleged infringement. Thus, there are no facts to sustain a claim for removal of CMI as no CMI is identified as having existed <u>prior</u> to the alleged infringement.

## II.      <u>THE COPYRIGHT ACTION IS BARRED</u>

### A.      This Is A Seasoned Litigator Who Also Had Inquiry Notice

Just like in the First Amended Complaint, in the Second Amended Complaint, Plaintiff asserts that she discovered the infringing use "on or around September 2021 and <u>had no reason prior to that discovery</u> to know of Defendants' unauthorized use of the Subject Photograph." (D.E. 35, ¶14).  To the contrary, and as this Court previously held (D.E. 34), these claims remain barred because this Plaintiff cannot overcome the fact that she is a seasoned litigator who was aware of alleged infringements on the internet of <u>this identical photograph</u> <u>more than three years</u> prior to the filing of this lawsuit. *Lixenberg,  2023 WL 144663* at \*4 *(adopting Minden Pictures, Inc. v. BuzzFeed, Inc*., 390 F.Supp.3d 461, 467- 470  (S.D.N.Y. 2019) (dismissing infringement claim for photographs on 12b6, holding that a "reasonable copyright holder in Plaintiff's position, exercising

due diligence, should have discovered that its copyright was being violated" because plaintiff was a "seasoned litigator").

Notably, Plaintiff is both a seasoned litigator (having filed nearly twenty lawsuits since 2015)[3] and has known of alleged infringements on the internet of the identical photograph of BIG more than three years prior to filing this lawsuit. *Lixenberg*, 2023 WL 144663, at *2-3 (holding that Lixenberg is a seasoned litigator who should have known of the infringement within the limitations period).   In fact, in a 2019 case before the Hon. Ronnie Abrams, U.S.D.J., Plaintiff alleged infringement of the identical photograph on a website and conceded it knew of the alleged infringement as early as June 23, 2016 (after the alleged infringement here).  *See* 1:19-cv-01208-RA, D.E. 1, ¶ 15. In other lawsuits regarding this same photograph, Plaintiff conceded knowledge more than three years prior to this lawsuit. (No. 1:19-cv-01211 (SDNY), cease and desist served 9-10-2018 (D.E.1, ¶12)): No. 2:16-cv-03934 (C.D.Cal. filed June 3, 2016 (D.E.1, Ex.A); No. 2:17-cv-05391 (C.D. Cal. filed 7-21-2017 (D.E.1, ¶10); No. 2:17-cv-08189 (C.D. Cal. filed 11-9-2017 (D.E. 1, ¶10).  In fact, Plaintiff *began searching* for alleged infringements of this identical photograph at least as early as 2015. *See* 2:15-cv-07242 (C.D. Cal. Filed 9-15-2015 (D.E. 1, p.16 of 20).

Further, this Court previously held that this "Plaintiff was fairly put on 'inquiry notice' at the time of the alleged Infringing Use, given the other lawsuits she had filed, and would continue to file, to protect her copyrighted works." *Lixenberg*, 2023 WL 144663, at fn 3.  In *Lixenberg*, this Court assessed the fact that Plaintiff had filed so many copyright cases regarding this same photograph – and for alleged uses on the internet – and held that:

> It is thus not plausible that Plaintiff, in exercising reasonable diligence, would not
> have discovered the infringing use here until September 2021, over five years later.

---

[3] *See* Declaration of Nancy A. Del Pizzo, Ex.A.

*Id.* at *3.

Per *Lixenberg* and *Minden*, Plaintiff's allegations in the Second Amended Complaint do not save this claim as this January 2022 lawsuit, and third amended version filed in 2023, for an alleged infringement on May 21, 2016 is barred even if the discovery rule applies.

### B.  *Rotkiske* Bars This Action

Complex Media respectfully submits the claim also is time-barred under the U.S. Supreme Court's decision in *Rotkiske v. Klemm*, 140 S.Ct. 355 (2019) (holding that a judicially created discovery rule [as there is with respect to the Copyright Act] is a "bad wine of recent vintage" that cannot be applied where Congress has not expressly provided for it because "Congress has enacted statutes that expressly . . . set[] limitations periods to run from the date on which the violation occurs or the date of such discovery."). *Rotkiske*, together with *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2nd Cir. 2020), renders the discovery rule inapplicable in copyright infringement cases *absent a claim of fraud*. There is no claim of fraud here.

This Court in *Lixenberg* previously disagreed, finding that the Second Circuit in *Sohm* did not agree that *Rotkiske* ended the discovery rule for all statutes where Congress has not called for one. Complex Media respectfully submits that *Rotkiske* extends beyond the FDCPA for the following reasons. First, in *Sohm*, the Second Circuit based its holding on cases that preceded *Rotkiske*. *Sohm*, 959 F.3d at 49-50.  *Rotkiske* is mentioned only in footnote 2, and *Sohm* is a case that included a fraud claim, which is an exception under discovery rule jurisprudence, including *Rotkiske*.

Further, the U.S. Supreme Court's reasoning applied generally to statutes that do not include a discovery rule, not just the FDCPA. *See Rotkiske*, 140 S.Ct. at 360-61. ("A textual judicial supplementation is particularly inappropriate when, as here, Congress has shown that it

knows how to adopt the omitted language or provision. Congress has enacted <u>statutes</u> that expressly include the language *Rotkiske* asks us to read in, setting limitations periods to run from the date on which the violation occurs *or the date of discovery of such violation* (citing 12 U.S.C. § 3416 and 15 U.S.C. § 1679i and stating that "it is not our role to second-guess Congress' decision to include a 'violation occurs' provision, rather than a discovery provision…") (underline emphasis added).[4] The U.S. Copyright Act does not include a discovery rule. Thus, if Congress wanted one, it could have required one, and since it did not, there is no discovery rule for copyright matters. *See id.*

Also, the U.S. Supreme Court in *Rotkiske* discussed statutory construction generally, including where a statute refers to "accrual" as the U.S. Copyright Act does, as opposed to "occurrence," and specified that <u>accrual means the same as occurrence</u>. *See Rotkiske*, 140 S.Ct. at 360 (noting that when "there are two plausible constructions of a statute of limitations," it is "the construction that starts the time limit running when the cause of action . . . accrues" that should be adopted, not when a plaintiff first discovered the claim); *see also Everly v. Everly*, 958 F.3d 442, 461 (6th Cir. 2020) (J. Murphy, concurring) (finding *Rotkiske* plainly ends the discovery rule in copyright cases, noting that the U.S. Supreme Court has "twice cautioned that it has not passed on the question.").

---

[4] As the U.S. Supreme Court stated, Congress has demonstrated that it knows how to add a discovery rule when it wants one. *See, e.g.,* 15 U.S.C. § 77m ("No action shall be maintained to enforce any liability created under section 77k or 77l(a)(2) of this title unless brought within one year after the discovery of the untrue statement of omissions, or after such discovery should have been made by the exercise of reasonable diligence."); 12 U.S.C. § 3416 ("An action to enforce any provision of this chapter may be brought in any appropriate United States district court without regard to the amount in controversy within three years from the date on which the violation occurs or the date of discovery of such violation, whichever is later."); 50 U.S.C. § 4611(k)(3) ("An action under this subsection shall be commenced not later than 3 years after the violation occurs, or one year after the violation is discovered, whichever is later."). Congress did not add such language to the U.S. Copyright Act.

In *Rotkiske*, the Court also set forth a "fundamental principle of statutory interpretation [not just related to the FDCPA] that 'absent provision[s] [a discovery rule] cannot be supplied by the courts…To do so 'is not a construction of a statute, but, in effect, an enlargement of it by the court.'" *Id*. at 360-61 (citing *Nichols v. U.S.*, 136 S.Ct. 1113, 1118 (2016)).[5] The Court also makes the effort to state, repeatedly, that it is not its "role to second-guess Congress' decision to include a "violation occurs" provision, rather than a discovery provision" for any statute.  *Id*. at 361-62 (there are "two distinct concepts" related to a "discovery rule…the application of a general discovery rule as a principle of statutory interpretation and the application of a fraud-specific discovery rule as an equitable doctrine"). And, the Justices cited cases that were not confined (and some not even referencing) the FDCPA. *See id*. at 362 (J. Ginsberg dissenting in part) (citing among others, *Merck & Co. v. Reynolds*, 559 U.S. 633, 644 (2010) (private securities fraud action); *Burnett v. N.Y. Central R.R. Co*., 380 U.S. 424 (1965) (a Federal Employers' Liability Act action); *Menominee Indian Tribe of Wisconsin v. U.S*., 136 S.Ct. 750 (2016) (involving the Self-Determination and Education Assistance Act).

Under the facts in *Sohm* (specifically that there was a fraud claim there), *Sohm* remains aligned with the Supreme Court in *Rotkiske* because the High Court still recognizes a fraud-specific discovery rule even in cases where Congress has not statutorily mandated it.  *Rotkiske*, 140 S.Ct. at 361. There is no claim of fraud here.

---

[5] The U.S. Supreme Court's decision overturning *Roe v. Wade* (in *Dobbs)* informs in real time that the highest Court does not confine itself to the facts in issue. *Rotkiske* is even more convincing because the Justices there discussed and opined on statutory construction generally and why there is no discovery rule where Congress does not call for it.

### III.   THE "DOES" MUST BE DISMISSED

This District requires timely notice of the DOES – particularly because the claims could be barred by the statute of limitations. *See Cotto v. City of N.Y.*, No.: 15-cv-9123, No.: 16-cv-226, 2017 WL 3476045, at *3 (S.D.N.Y. Aug. 11, 2017) (DOES 1-10 pleadings "cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued" and to relate back, the unidentified party must have notice of the action "within 120 days of the filing of the [timely] original complaint"), *appeal dismissed, Arroyo v. City of N.Y.*, No.: 17-2862, 2017 WL 6397761 (2d Cir. Dec. 11, 2017), *aff'd, Cotto v. City of N.Y.*, 803 Fed.Appx. 500 (2d Cir. 2020); *see also Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).

The initial complaint was filed in January of 2022.  Thus, substantially more than 120 days have passed, and the DOES must be dismissed.

### IV.   PLAINTIFF CANNOT OBTAIN STATUTORY DAMAGES, FEES OR COSTS

This Circuit has long held that a copyright infringement claim based on the discovery rule forecloses attorneys' fees and costs even if U.S. copyright registration is obtained prior to the alleged infringement. By way of example, the Second Circuit in *Sohm v. Scholastic Inc.*, 959 F.3d at 52 and this Court in *Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*, 399 F.Supp.3d 120, 136 (S.D.N.Y. 2019), held that a plaintiff is not entitled to recover statutory damages, attorneys' fees and costs in discovery rule cases. Further, at least one case in this District held that not only are no statutory damages and attorneys' fees recoverable in discovery rule cases, but also, no monetary damages are available. *Papazian v. Sony Music Entm't*, No. 16-cv-07911, 2017 WL 4339662, at *5-7 (S.D.N.Y. Sept. 28, 2017) (a claim occurring more than three years

prior to the filing of the complaint <u>is not entitled to any monetary damages</u> and the <u>sole remedy is an injunction</u>).[6]

Accordingly, Plaintiff is not entitled to statutory damages and/or legal fees for her section 505 claims. Nor is she entitled to statutory damages under 1202 (even if that claim were sustainable, which it is not). *See, e.g., Granger v Assocs. Abstract, LLC,* No.: 09-cv-510, 2010 WL 11692440, at *5 (D.N.J. April 6, 2010) ("attempt to amend the complaint to seek statutory damages . . . for Defendants' alleged violation of 17 U.S.C. 1201 and 1202. .. is futile" because the bar "applies to 'any action' under Title 17") (citing *EsNtion Records, Inc. v. Triton TM, Inc*., No.: 3:07-cv-2027, 2009 WL 3805827, at *6 (N.D. Tex. Nov. 13, 2009) (same).

As the Court in *Granger* noted, 17 U.S.C. § 412, which bars statutory damages and attorneys' fees, expressly states that it applies to "any action under this title…"  2010 WL 11692440, at *5.  Section 1202 is of course under Title 17.  In *Granger*, the Court reasoned:

> Because Section 412 applies to "any action" under Title 17, Plaintiff's ability to seek statutory damages for alleged violations of 17 U.S.C. §§ 1201 and 1202 is generally limited by Section 412 …

*Id*. at *5.

The purpose and statutory history of  section 412 of Title 17 supports those decisions holding that section 412 applies to restrict statutory damages and attorneys' fees for both Title 17 infringement and CMI claims. Specifically, the wording of section 412 indicates that Congress wanted to showcase the need for copyright registration for a party to be able to pursue a Title 17

---

[6] Also, if the photograph in issue is within Plaintiff's 2015 registration and not her purported 2017 registration, there would be <u>a second</u> basis to bar statutory damages and fees. *See Brooks d/b/a EW Brooks Books LLC v. Dash and Poppington LLC d/b/a Dame Dash Studios*, 454 F.Supp.3d 331 (S.D.N.Y. 2020) (statutory damages and fees also not available where alleged infringement precedes registration).

claim, and section 412 was intended as an incentive for doing so.  *See Leonard v. Stemtech Health Sciences, Inc*., No.: 08-cv-067 (LPS) (CJB), 2011 WL 6046701, at *13-15 (D. Del Dec. 5, 2011); *see also Bouchat v. Bon-Ton Dep't Stores, Inc*., 506 F.3d 315, 329 (4ᵗʰ Cir. 2007) (section 412's incentive toward copyright registration is intended to promote "orderly resolution of copyright disputes . .." ).

One unpublished decision in this District disagreed and did not hold that section 412 applied to all actions under Title 17, specifically electing to excerpt sections 1202 and 1203. *See Shihab v. Complex Media, Inc*., No. 21-cv-6425, 2022 WL 3544149, at *7 (S.D.N.Y. Aug. 17, 2022). That decision did not consider that Congress intended section 412 to create an incentive toward copyright registration, and a section 1202 CMI claim would be meaningless (and subject to dismissal) if the CMI holder did not own the copyright in the work. In other words, if a plaintiff who wants to make a false or removal of CMI claim had no copyrights to the work, they also would have no 1202 claim. That supports an intent that section 412 must apply to all Title 17 claims.

Additionally, applying section 412 to 505 and 1202 claims is not only specified by the "any claims under Title 17" language in section 412 and Congressional intent with respect to section 412, it also is consistent with application of other parts of section 500 of the U.S Copyright Act. For instance, this Court has held that the "all Title 17" language in the statute of limitations (section 507), includes 1202 and 505 claims. *Hirsch v. Rehs Galleries, Inc*., No. 18-cv-11764 (VSB), 2020 WL 917213, at *4-5 (S.D.N.Y. Feb. 26, 2020) (noting that "the Copyright Act's statute of limitations provision . . . applies to all 'civil action[s] . . . maintained under the provisions of [Title 17]").

 Thus, Plaintiff has no claim for statutory damages and attorneys' fees whether under section 505 or 1202, and those claims should be dismissed.

Finally, there is no basis to allow this Plaintiff to file a third version of the complaint. *See, e.g., Morales v. N.Y. Univ.*, 585 F.Supp.3d 610, 613 (S.D.N.Y. 2022) (finding amendment futile where does not plausibly support the claims); *see also, Long v. Parry*, 679 F.App'x 60, 63 (2d Cir. 2017) (amendment is futile where it cannot withstand a motion to dismiss). This version of the complaint is Plaintiff's third bite at the apple. It should be her last. Any such request for yet another amendment should be denied. As well, this Court previously confined further amendment to the version in issue on this motion. (*see* D.E. 34).

## **CONCLUSION**

For the foregoing reasons, defendant Complex Media, Inc., respectfully ask the Court to dismiss the Second Amended Complaint in its entirety and with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b), or for summary judgment under Fed. R. Civ. P. 12(d). Alternatively, if the Court does not dismiss the Second Amended Complaint in its entirety, Complex Media,  Inc., respectfully asks the Court to dismiss all of Plaintiff's claims for statutory damages and attorneys' fees and costs.

Dated:  March 13, 2023

Respectfully submitted,

**RIVKIN RADLER LLP**

By:    s/ Nancy A. Del Pizzo
  Nancy A. Del Pizzo
  25 Main Street, Ste. 501
  Court Plaza North
  Hackensack, New Jersey 07601
  (201) 287-2460 (T)

   - and-

  477 Madison Avenue
  New York, New York 10022
  (212) 455-9555 (T)

  *Attorneys for Defendant,*
  *Complex Media, Inc.*