**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANA RUTH LIXENBERG, | Civil Action No.: 1:22-cv-354-RA |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO** |
| | **DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| COMPLEX MEDIA, INC.; and DOES 1-10, | |
| Defendants. | |

i

## <u>TABLE OF CONTENTS</u>

I.   Introduction .................................................................................................................1

II.  Legal standard ...........................................................................................................1

III. Argument ...................................................................................................................2

A.  Lixenberg's claims of copyright infringement are adequately plead and are not time barred. ........................................................................................................................2

B.  Complex's reliance on Rotkiske is misplaced and the Court has already held that Rotkiske is inapplicable here .................................................................................................7

C.  Lixenberg's claims of DMCA violations are well-pled ......................................................9

   1. Lixenberg's allegations satisfy the scienter requirement.................................................9

   2. Lixenberg's properly pled that Complex provided false CMI.......................................11

   3. Lixenberg's allegations concerning Complex's violations of Section 1202(b) are sufficient.................................................................................................................14

D.  Complex's request for dismissal of Lixenberg's claims for statutory damages, attorneys' fees, and costs must be denied. ..........................................................................15

E.  An award of costs and fees to Complex in the event of dismissal is unwarranted.............17

F.  Leave to amend should be granted ...................................................................................17

IV. Conclusion .................................................................................................................17

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## TABLE OF AUTHORITIES

Page(s)

Cases

*Aaberg v. Francesca's Collections, Inc.*,
  No. 17-CV-115 (AJN), 2018 WL 1583037 (S.D.N.Y. Mar. 27, 2018) ..........................9, 13, 14
*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) ....................................................................................2
*BanxCorp v. Costco Wholesale Corp.*,
  723 F. Supp. 2d 596 (S.D.N.Y. 2010)...................................................................................14
*Baron A. Wolman Archives Tr. through Wareham v. Complex Media, Inc.*,
  2022 WL 523597 (S.D.N.Y. Feb. 22, 2022) ...........................................................................3
*Baron Alan Wolman Achieves Tr. v. Buzzfeed, Inc.*,
  2022 WL 719633 (S.D.N.Y. Mar. 10, 2022) ...........................................................................8
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007) ....................................................................................2
*Chen v. Major League Baseball Properties, Inc.*,
  798 F.3d 72 (2d Cir. 2015)......................................................................................................1
*Fioranelli v. CBS Broad. Inc.*,
  551 F. Supp. 3d 199 (S.D.N.Y. 2021)......................................................................................8
*Fischer v. Forrest*,
  286 F. Supp. 3d 590 (S.D.N.Y. 2018)....................................................................................13
*Goldstein v. Metro. Reg'l Info. Sys., Inc.*,
  2016 WL 4257457 (D. Md. Aug. 11, 2016)............................................................................10
*Hirsch v. Rehs Galleries, Inc.*,
  2020 WL 917213 (S.D.N.Y. Feb. 26, 2020) ...........................................................................5
*In re DDAVP Direct Purchaser Antitrust Litigation*,
  585 F.3d 677 (2d Cir. 2009) ..................................................................................................11
*Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*,
  399 F. Supp. 3d 120 (S.D.N.Y. 2019)....................................................................................15
*Krechmer v. Tantaros*,
  747 F. App'x 6 (2d Cir. 2018) ...........................................................................................9, 11
*Lixenberg v. Complex Media, Inc.*,
  2023 WL 144663 (S.D.N.Y. Jan. 10, 2023)..............................................................2, 7, 11, 15
*Mango v. BuzzFeed, Inc.*,
  356 F. Supp. 3d 368 (S.D.N.Y. 2019)....................................................................................12
*Michael Grecco Prods., Inc. v. Alamy, Inc.*,
  372 F. Supp. 3d 131 (E.D.N.Y. 2019)......................................................................................2
*Michael Grecco Prods., Inc. v. BDG Media, Inc.*,
  834 F. App'x 353 (9th Cir. 2021) ............................................................................................3
*Minden Pictures, Inc. v. Buzzfeed, Inc.*,
  390 F. Supp. 3d 461 (S.D.N.Y. 2019)..................................................................................4, 5
*Nicosia v. Amazon.com, Inc.*,
  834 F.3d 220 (2d Cir. 2016)....................................................................................................1

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Parisienne v. Scripps Media, Inc.*,
   2021 WL 3668084 (S.D.N.Y. Aug. 17, 2021) ...................................................5, 6
*Press v. Chem. Inv. Servs. Corp.*,
   166 F.3d 529 (2d Cir. 1999)...........................................................................11
*Psihoyos v. John Wiley & Sons, Inc.*,
   748 F.3d 120 (2d Cir. 2014)............................................................................2
*Ronzani v. Sanofi S.A.*,
   899 F.2d 195 (2d Cir. 1990)..........................................................................17
*Rotkiske v. Klemm*,
   140 S. Ct. 355 (2019) ..................................................................................7, 8
*SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona*, Inc.,
   804 F. App'x 668 (9th Cir. 2020) ...............................................................12, 13
*Singh v. Famous Overseas, Inc.*,
   680 F. Supp. 533 (E.D.N.Y. 1988)..................................................................15
*Sohm v. Scholastic Inc.*,
   959 F.3d 39 (2d Cir. 2020)....................................................................7, 8, 15
*Starz Entm't, LLC v. MGM Domestic Television Distribution, LLC*,
   2017 WL 4339662 (S.D.N.Y. Sept. 28, 2017) ....................................................16
*Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*,
   2021 WL 566500 (C.D. Cal. Jan. 5, 2021) ..........................................................5
*Trombetta v. Novocin*,
   2020 WL 1304120 (S.D.N.Y. Mar. 19, 2020) ....................................................10
*United States ex rel. Lang v. Northwestern University*,
   2005 WL 670612 (N.D. Ill. Mar. 22, 2005).........................................................2
*Wu v. John Wiley & Sons, Inc.*,
   2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015) .....................................................6

Statutes

17 U.S.C. § 412 ..........................................................................................15
17 U.S.C. § 507 ...........................................................................................8
17 U.S.C. § 1202 ......................................................................................9, 10
17 U.S.C. § 1202(a)...................................................................................9, 10
17 U.S.C. § 1202(b)...............................................................................14, 10, 16
17 U.S.C. § 1202(c)(2)..................................................................................11
17 U.S.C. § 1202(c)(3)..................................................................................11
17 U.S.C. § 1202(c)(7)..................................................................................11
17 U.S.C. § 1203 ........................................................................................16

Rules

Fed. R. Civ. P. 8(a)(2) ...................................................................................1
Fed. R. Civ. P. 9 ........................................................................................11
Fed. R. Civ. P. 12(b)(6) ..................................................................................1
Fed. R. Civ. P. 15 ......................................................................................17
Fed. R. Civ. P. 15 ......................................................................................14

iv

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION

**I.     Introduction**

Defendant, Complex Media, Inc.'s ("Complex"), Motion to Dismiss ("Motion") must be denied because Plaintiff ,Dana Ruth Lixenberg ("Lixenberg"), sufficiently pled her claims for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") in the Second Amended Complaint ("SAC", Dkt. #35), and all allegations and reasonable inferences must be drawn Lixenberg's favor at the pleadings stage.

Notably, Complex does not deny that it exploited Lixenberg's proprietary artwork on its commercial site without her authorization. Instead, Complex claims that Lixenberg's claims are time barred under the statute of limitations for the Copyright Act, and that the Supreme Court's decision in *Rotkiske v. Klemm* bars the application of the discovery rule in copyright cases, despite the Second Circuit and this Court already rejecting this argument. And Complex's violation of the copyright management information ("CMI") statute is also well-pled, as Complex displayed Lixenberg's work without her consent and under its own name and attribution. The SAC adequately alleges Lixenberg's claims, and Complex's Motion should be denied, as set forth below.

**II.    Legal standard**

A complaint is sufficient if it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss "for failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must construe "the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016), *quoting Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 76 (2d Cir. 2015). "[O]n a motion to dismiss, the [C]ourt must ask

whether any set of facts consistent with [the] complaint would give the plaintiff a right to recover...." *Michael Grecco Prods., Inc. v. Alamy, Inc.*, 372 F. Supp. 3d 131, 135 (E.D.N.Y. 2019), quoting *United States ex rel. Lang v. Northwestern University*, No. 04-C-3290, 2005 WL 670612, at *3 (N.D. Ill. Mar. 22, 2005).

Additionally, a pleading is adequate if it contains sufficient factual matter that, if accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). And where, as here, a plaintiff has plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Ashcroft*, 556 U.S. at 678, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007). Lixenberg's SAC ably meets the applicable standard.

## III.    Argument

Complex's Motion must be denied, as follows.

### A.    Lixenberg's claims of copyright infringement are adequately plead and are not time barred.

Complex does not deny that Lixenberg created or owns the work at issue, that it exploited her work on its commercial website, or that its exploitation was without her consent. Instead, Complex argues that Lixenberg's claims are untimely because Lixenberg was on inquiry notice of the infringement at issue more than three years prior to filing this suit. This is untrue, though, and Complex's claims are mere speculation and conjecture.

As stated previously by the Court, "The Second Circuit follows the 'discovery rule,' which means 'copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement.'" *Lixenberg v. Complex Media, Inc.*, No. 22-CV-354 (RA), 2023 WL 144663, at *2 (S.D.N.Y. Jan. 10, 2023), citing *Psihoyos v. John Wiley & Sons, Inc.*, 748

F.3d 120, 124 (2d Cir. 2014). Here, Lixenberg has sufficiently pled that she did not have actual or constructive knowledge of Complex's infringement until September 2021, and had no reason prior to discovering the infringement to know of Complex's unauthorized of the Subject Photograph at issue. See SAC at ¶14. In support of this claim, Lixenberg pleads that she has no prior business, personal, or other relationship with Complex, has no interest in Complex's website, and has never visited Complex's website. See SAC at ¶16. And Lixenberg pleads that she does not use image reverse search software or other resources that would locate infringement of her photographs online. See SAC at ¶19. Lixenberg has never filed suit against Complex before the instant action and would have no reason to know of Complex or that Complex was making use of the Subject Photograph. See SAC at ¶20. Lixenberg has thus adequately plead that she had no actual or constructive notice of Complex's infringement.

Complex fails to prove that Lixenberg was on inquiry notice of its infringement. On a motion to dismiss, "courts in this Circuit have repeatedly held that it is the defendant's burden to establish that the plaintiff had inquiry notice." *Baron A. Wolman Archives Tr. through Wareham v. Complex Media, Inc.*, No. 20 CIV. 152 (ER), 2022 WL 523597, at *4 (S.D.N.Y. Feb. 22, 2022). And the only appellate court to consider this "inquiry" notice argument in the context of internet exploitation found that there was no duty to police the internet or locate every potential online act of infringement. *Michael Grecco Prods., Inc. v. BDG Media, Inc.*, 834 F. App'x 353, 354 (9th Cir. 2021)(the "amended complaint alleges facts that establish the difficulty of detecting online infringements, even when plaintiffs like Grecco invest in both in-house infringement detection using Google image search as well as third-party reverse image search software. At what time these search processes would or should have captured alleged infringements is a question of fact that cannot be determined on a motion to dismiss.").

- 3 -

Complex urges the court to forge a new course and preclude her from enforcing her rights in connection with a claim she filed well before the statute of limitations expired under the discovery rule. It claims that the Court should do so because Lixenberg was on inquiry notice as a "seasoned litigator" who should have discovered Complex's unlawful acts through her own search for potential infringements, and because she discovered other infringements of the photograph at issue in unrelated suits against unrelated parties more than three years prior to filing this suit. Both claims fail.

First, Lixenberg was not on inquiry notice as a "seasoned litigator." She is an accomplished, award-winning photographer who regularly travels to create and promote her various projects. While her rights have been violated in the past, and she has retained counsel to enforce her rights, that does not make her a "seasoned litigator." Complex relies on *Minden Pictures, Inc. v. Buzzfeed, Inc.* to establish Lixenberg's inquiry notice as a seasoned litigator, but *Minden* is distinguishable for reasons illustrated in the SAC. The Court in *Minden* considered Minden Pictures' particular position to determine that it was a seasoned litigator with inquiry notice, but Lixenberg's position is far different. *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 467 (S.D.N.Y. 2019). Minden Pictures is a venerable United States-based photography agency tasked with representing artists and negotiating on their behalf that sued another United States corporation. *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 464 (S.D.N.Y. 2019). Lixenberg is an independent artist living in the Netherlands. See SAC at ¶15. An individual artist residing abroad like Lixenberg is far less likely to be familiar with U.S. based websites and companies than a U.S. based agency like *Minden*.

And Minden Pictures was a corporation, while Lixenberg is an individual with far more limited time and resources to dedicate to monitoring the whole of the internet for infringement. *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 464 (S.D.N.Y. 2019); see also

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Parisienne v. Scripps Media, Inc.*, No. 19 CIV. 8612 (ER), 2021 WL 3668084, at \*4 (S.D.N.Y. Aug. 17, 2021)(holding that plaintiff was not a seasoned litigator as an "individual litigant"). Lixenberg, an individual living in the Netherlands, cannot be held to the same standard for reasonable diligence of monitoring the online presence of American companies as an American photography agency, and therefore the court's decision in *Minden* is not applicable here.

Furthermore, *Minden* fails to properly address that any uncertainty as to whether inquiry notice is reasonable should be decided in the plaintiff's favor on motion to dismiss. The statute of limitations is an affirmative defense, and Courts in this District have repeatedly refused to hold that copyright claims were time barred on inquiry notice where "there is some doubt as to whether dismissal is warranted, especially considering that Defendant bears the burden of proof when raising statute of limitations." *Parisienne v. Scripps Media, Inc.*, No. 19 CIV. 8612 (ER), 2021 WL 3668084, at \*5 (S.D.N.Y. Aug. 17, 2021); see also *Hirsch v. Rehs Galleries, Inc.*, No. 18-CV-11864 (VSB), 2020 WL 917213, at \*5 (S.D.N.Y. Feb. 26, 2020).

And Courts question whether defendants have met the burden of proof even where defendants have provided some theoretical basis for inquiry notice. In *Parisienne*, the Court held that the plaintiff was not on inquiry notice of infringement even where the plaintiff had been directly credited with creating the photograph at issue in the infringing article, because a plaintiff "does not have a general duty to police the internet for infringements of his photographs." *Parisienne v. Scripps Media, Inc.,* No. 19 CIV. 8612 (ER), 2021 WL 3668084, at \*4 (S.D.N.Y. Aug. 17, 2021). And in *Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*, the court found that a plaintiff was not on inquiry notice even where the plaintiff had failed to monitor its own licensors for infringement. *Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*, No. CV 20-4085-DMG (KSX), 2021 WL 566500 (C.D. Cal. Jan. 5, 2021). These cases properly address the high threshold that must be met to establish that a plaintiff was

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

on inquiry notice sufficient to meet the high burden on a motion to dismiss, while *Minden* relied solely on the fact that the plaintiff had initiated prior lawsuits for copyright infringement. *Minden* does not require dismissal here.

Lixenberg was not credited or mentioned in any way in Complex's article and has never had any professional or other relationship with Complex, or indeed ever visited Complex's website prior to discovering the infringement at issue. See SAC at ¶¶14, 16, 19. And while Lixenberg has previously enforced her copyrights through litigation, as the Copyright Act encourages her to do, doing so does not change the fact that she has no obligation as a copyright holder to monitor all corners of the internet for potential infringements in a manner which is simply not feasible for an individual artist. See SAC ¶22. The pleadings thus do not establish that Lixenberg was on inquiry notice of Complex's infringement, and Complex's motion to dismiss should therefore be denied.

Second, Complex fails to show that Lixenberg's prior lawsuits concerning the image at issue put her on inquiry notice of Complex's unrelated act of infringement. A defendant raising the affirmative defense of statute of limitations must provide "sufficient evidence or explanation" for how a plaintiff has been put on inquiry notice. *Parisienne v. Scripps Media, Inc.*, No. 19 CIV. 8612 (ER), 2021 WL 3668084, at *4 (S.D.N.Y. Aug. 17, 2021). And Courts in this District have refused to find prior lawsuits as evidence of inquiry notice of infringement where the prior lawsuits were against parties unrelated to the current defendant. See *Wu v. John Wiley & Sons, Inc.*, No. 14 CIV. 6746 AKH AJP, 2015 WL 5254885, at *6 (S.D.N.Y. Sept. 10, 2015)(refusing to find inquiry notice of infringement based on plaintiff's prior lawsuits against non-defendant). Here, Complex cites only to prior lawsuits Lixenberg filed against parties with no connection to Complex, and Lixenberg pleaded in the SAC "[a]ny prior lawsuits Lixenberg filed involving the Subject Photograph involved entities and/or websites unrelated to Complex, so Lixenberg had no

reason to know of Complex's Infringing Use during the time period at issue." See SAC ¶20. As such, Lixenberg's prior lawsuits do not prove that she was on inquiry notice of Complex's infringement, and Complex's motion to dismiss should be denied.

**B.      Complex's reliance on *Rotkiske* is misplaced and the Court has already held that *Rotkiske* is inapplicable here.**

Complex again attempts to evade liability under *Rotkiske,* despite the Court expressly rejecting this argument in its prior order, stating that "Defendants argue that a recent Supreme Court decision, *Rotkiske v. Klemm*, 140 S. Ct. 355 (2019), forecloses the application of the discovery rule in copyright cases. The Court disagrees." *Lixenberg v. Complex Media, Inc.*, No. 22-CV-354 (RA), 2023 WL 144663, at *2 (S.D.N.Y. Jan. 10, 2023). Complex's now advances new claims as to why *Rotkiske* applies here regardless of the Court's holding, but these claims are meritless.

First, Complex claims that *Sohm*'s refusal to apply *Rotkiske* to copyright cases should be restricted to cases involving fraud, but this is unavailing. In *Sohm*, the Second Circuit held that "[*Rotkiske*] did not interpret the Copyright Act's statute of limitations, which states that copyright infringement claims under the Act must be commenced within three years after the claim accrued. Accordingly, Rotkiske is inapposite here." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2d Cir. 2020). *Rotkiske* did not interpret the Copyright Act and as such is inapplicable. The Second Circuit makes no mention of fraud, and there is no evidence that the Court meant to couch its holding in the specific facts of the case at hand, particularly where it discusses *Rotkiske*'s in terms of the Copyright Act itself.

Furthermore, Courts have applied the *Sohm* ruling in other copyright cases with different facts. In *Baron Alan Wolman Achieves Tr. v. Buzzfeed, Inc.*, a copyright infringement suit for the unauthorized use of a photograph on a public website in which no fraud was alleged, the Court

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

again refused to apply *Rotkiske* to a copyright suit, stating "the Second Circuit, subsequent to the *Rotkiske* decision, declined to alter the discovery rule applicable in this circuit." *Baron Alan Wolman Achieves Tr. v. Buzzfeed, Inc*., No. 19 CIV. 9461 (AKH), 2022 WL 719633, at \*2 (S.D.N.Y. Mar. 10, 2022), citing *Sohm* at 50. Thus, it is well established that *Rotkiske* did not bar the use of the discovery rule for copyright cases in this Circuit, and Complex's attempts to artificially distinguish *Sohm* fail.

Second, Complex claims that *Rotkiske* should apply generally, not only to the FDCPA [Fair Debt Collection Practices Act]'s limitations period. This too, is unavailing because the Copyright Act and the FDCPA are completely different statutes with different statutes of limitation that interact differently with the applicable discovery rules. Indeed, the Supreme Court in *Rotkiske* discussed the FDCPA's language allowing a claim to be brought "within one year from the date on which the violation occurs." *Rotkiske v. Klemm*, 205 L. Ed. 2d 291, 140 S. Ct. 355, 360 (2019). The Copyright Act, however, allows for actions "commenced within three years after the claim accrued." 17 U.S.C. § 507. While the Supreme Court in *Rotkiske* thus held that claims under the FDCPA must run from the time of the event itself, it is well established that a claim under the Copyright Act "accrues when a plaintiff discovers, or with due diligence should have discovered, the relevant infringement." *Fioranelli v. CBS Broad. Inc.*, 551 F. Supp. 3d 199, 249 (S.D.N.Y. 2021). Thus, as the Second Circuit and this District have rightly held, the ruling in *Rotkiske* interpreted the FDCPA and does not impact the discovery rules in copyright cases.

Complex's continued reliance on its unsupported application of *Rotkiske* fails and should not lead this Court to upend the well-established discovery rule in copyright cases. Complex's Motion should be denied.

C.      **Lixenberg's claims of DMCA violations are well-pled**

Lixenberg has sufficiently alleged that Complex has violated the copyright management provisions of 17 U.S.C. § 1202, as follows.

1.      *Lixenberg's allegations satisfy the scienter requirement*

Contrary to Complex's assertions, Lixenberg has adequately pled facts to support the required scienter. Section 1202(a) of Title 17 of the United States Code provides, *inter alia*, that "[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal [copyright] infringement (1) provide [CMI] that is false, or (2) distribute or import for distribution [CMI] that is false." 17 U.S.C. § 1202(a). In order to plead a violation of Section 1202(a), a plaintiff must allege three elements: (1) the provision or distribution of CMI; (2) that the defendant knew that the CMI was false; and (3) that the Defendant acted with the intent to cause or conceal copyright infringement. Accord *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018) ("In order to plead a violation of § 1202(a), plaintiff thus must plausibly allege that defendant knowingly provided false copyright information and that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement."); *Aaberg v. Francesca's Collections, Inc.*, 17-CV115 (AJN), 2018 WL 1583037, at *6 (S.D.N.Y. Mar. 27, 2018) ("[T]o state a claim under ...§ 1202(a), [the plaintiff] must allege that the defendant both knew that the CMI was false, and provided or distributed the false CMI with the intent to induce, enable, facilitate, or conceal infringement.").

Here, Lixenberg alleged that her photograph "was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author." See SAC, ¶ 36. To evidence that the photograph was routinely published with CMI, Lixenberg further provided "[n]on-exclusive exemplars" of the photograph being lawfully published on

multiple websites with attribution information identifying Lixenberg as the author. See SAC, ¶ 36.

She then alleged that "[w]hen Defendants distributed and published the Subject Photograph, they **knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement**." See SAC at ¶ 41 (emphasis added.). These allegations satisfy the second and third elements at this stage.

"With respect to the scienter element of both the § 1202(a) and § 1202(b) claims, the Second Circuit has stated that courts should be lenient in allowing scienter issues to survive motions to dismiss." *Trombetta v. Novocin*, No. 18CIV993RASLC, 2020 WL 1304120, at *5 (S.D.N.Y. Mar. 19, 2020)(internal quotations omitted). Indeed, it would be virtually impossible for Lixenberg (or anyone else bringing a Section 1202) claim to allege additional details at the pleading stage about an infringer's mental state at the time it published false CMI. But an online publisher's distribution of a photographer's work without her name or attribution and with the inclusion of the online publisher's name and logo, meets the threshold for "enabling and facilitating" copyright infringement, at the very least.

Lixenberg provided facts to support the required scienter—namely, that Complex, an online publisher who derives its revenues from online advertising, removed Lixenberg's CMI, and then published this modified photograph under its own name and branding See SAC, ¶ 38). And courts have found similar allegations to be sufficient to establish the knowledge element of the DMCA claims in other cases. See, e.g., *Goldstein v. Metro. Reg'l Info. Sys., Inc.*, No. CV TDC-15-2400, 2016 WL 4257457, at *8 (D. Md. Aug. 11, 2016) (finding that scienter may be pleaded generally). The allegations of knowledge here are sufficient to survive a motion to dismiss as well.

- 10 -

Additionally, Rule 9 of the Federal Rules of Civil Procedure allows intent and knowledge to be alleged generally, and the Second Circuit requires district courts to be lenient in allowing scienter issues to survive motions to dismiss "because such issues are 'appropriate for resolution by the trier of fact.'" *In re DDAVP Direct Purchaser Antitrust Litigation*, 585 F.3d 677, 693 (2d Cir. 2009), quoting *Press v. Chem. Inv. Servs. Corp.*, 166 F.3d 529, 538 (2d Cir. 1999).

Complex's cited authority contradicts the relevant standard and is inapplicable. In *Krechmer v. Tantaros*, 747 F. App'x 6 (2d Cir. 2018), the plaintiff simply alleged that the defendant was identified on the novel at issue as its author, and that defendant was listed in the notice of copyright as its owner, which plaintiff alleged was false. Id at 9-10. The court held that such facts did not amount to a plausible allegation that defendants knew that such copyright information was false and that defendants intended to conceal valid CMI. Id at 10. Here, as noted previously, Lixenberg specifically alleged facts as to Complex's removal of Lixenberg's CMI and the publication of Lixenberg's photography under Complex's name and branding. Thus, Complex's arguments fail.

### 2.    *Lixenberg's properly pled that Complex provided false CMI*

Complex claims that the photograph at issue does not contain false CMI. As relevant here, the statutory definition of CMI includes: 1) "[t]he name of, and other identifying information about, the author of a work," § 1202(c)(2); 2) "[t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright," § 1202(c)(3); and 3) "[i]dentifying numbers or symbols referring to such information or links to such information." § 1202(c)(7). As noted by the Court, "CMI does not need 'to appear on the work itself,' but it must 'be accessible in conjunction with, or appear with, the work being accessed.'" *Lixenberg v. Complex Media, Inc.*, No. 22-CV-354 (RA), 2023 WL

144663, at *4 (S.D.N.Y. Jan. 10, 2023), citing *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 377-78 (S.D.N.Y. 2019), aff'd, 970 F.3d 167 (2d Cir. 2020).

While the Court indicated in its Order that Lixenberg failed to allege the presence of false CMI by identifying the Complex logo and "BY COMPLEX STAFF" byline which appear on the article at issue, Lixenberg respectfully submits that her amended pleadings further demonstrate that such information sufficiently constitutes CMI. First, the primary cases on which Complex and the Court rely are not controlling and are distinguishable. In *SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.*, a case in the 9th Circuit, the court only held that a copyright notice was not sufficiently associated with the plaintiff's photograph where it was "located at the bottom of the webpage, in a shaded box, separating it from the rest of the content on the webpage, and where the photographs themselves were imprinted with the plaintiff's own copyright marking. *SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona*, Inc., 804 F. App'x 668, 671 (9th Cir. 2020). Here, the Complex logo is prominently displayed at the top of the webpage at all times, even following the screen as a user scrolls down, and the "BY COMPLEX STAFF" credit line appears directly above the photograph at issue. (SAC, Ex. B). And neither Lixenberg nor anyone else is separately credited for the photograph, indicating that the owners and authors of the article are responsible for the photograph as well.

Furthermore, in *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc*, a case in the Northern District of Illinois, the court expressly couched in holding on the fact that "the only CMI displayed by [defendant] appears on the website's footer. Here, Lixenberg alleges the presence of CMI both displayed prominently at the head of the webpage, and directly on the article in which the infringement appears. See SAC at ¶ 38. As explained in the SAC, the usage of these together, including Complex staff being the only party credited for any content in the article, implies the Complex authored and owns the entire article, including the photograph

prominently displayed directly underneath the byline as the primary image of the article. *Id*. Accordingly, both *SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.* and *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc*. are distinguishable from the instant case, and Lixenberg has plausibly pleaded the presence of false CMI sufficient to survive a motion to dismiss. Complex's motion should thus be denied.

Second, courts in this District have held that the kind of information identified by Lixenberg constitutes CMI, especially where it implies to the public who owned the work. In *Aaberg v. Francesca's Collections, Inc.*, the court  found that information such as a "a trade or brand name" and "a logo" were collectively sufficient to identify a copyright owner. *Aaberg v. Francesca's Collections, Inc.*, No. 17-CV-115 (AJN), 2018 WL 1583037, at *7 (S.D.N.Y. Mar. 27, 2018). Here, the Complex brand name and logo are prominently displayed with the subject photograph, with no other identifying information included anywhere in the article. This combination of a trade name and logo collectively amount to CMI, and Lixenberg has, at least, plausibly pleaded the existence of false CMI.

And Complex's display of the Complex name and logo with the "BY THE COMPLEX TEAM" credit line would lead members of the public to believe Complex owned the photograph. CMI is meant to include information which implies to users who owns the content with which it is displayed, as "CMI exists to inform the public that a work is copyrighted and by whom." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 610–11 (S.D.N.Y. 2018), aff'd, 968 F.3d 216 (2d Cir. 2020). Here, the "BY COMPLEX TEAM" line is a credit line, specifically meant to indicate who created the content feature below it. And the absence of any gutter credit or other accreditation underneath the photograph or anywhere else in the article would reasonably lead a reader of the article to assume the Complex and its team created, and thus owned, all the content included in

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

their article. Accordingly. Lixenberg has at least plausibly alleged Complex's display of false CMI to the public.

### 3.      Lixenberg's allegations concerning Complex's violations of Section 1202(b) are sufficient

Complex's request to dismiss Lixenberg's Section 1202(b) claims must also be denied. To state a valid claim under subsection 1202(b), a plaintiff must allege 1) the existence of CMI on the [work] at issue; 2) removal and/or alteration of that information; and 3) that the removal and/or alteration was done intentionally. *Aaberg v. Francesca's Collections, Inc.*, No. 17-CV-115 (AJN), 2018 WL 1583037, at *6 (S.D.N.Y. Mar. 27, 2018), citing *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010) (collecting cases). Lixenberg has satisfied these requirements.

In its Motion, Complex claims that it could not have been aware of any CMI on the photograph because the exemplars provided in the SAC are from publications dated after Complex's infringement, but this is unavailing. As discussed, Lixenberg need only plausibly allege the existence of CMI on the works at issue at this stage. Lixenberg has done so and provided **non-exclusive** exemplars as evidence of her routine practice of publishing the photograph with attribution information and other CMI. (SAC, ¶ 36). That the specific exemplars are recent publications does not warrant dismissal, and a full accounting of Lixenberg's history of publication of the subject photograph, requiring research into decades of licensing and work, may properly be sought in discovery. At this initial stage of litigation, Lixenberg has sufficiently pleaded her routine publication of the photograph with CMI, and thus Complex's motion to dismiss Lixenberg's 1202(b) claims should be denied.

**D.**     **Complex's request for dismissal of Lixenberg's claims for statutory damages, attorneys' fees, and costs must be denied.**

Sections 504 and 505 of the Copyright Act allows an award of statutory damages, costs, and attorneys fees to a successful copyright plaintiff with a timely copyright registration. The Court has recognized that Lixenberg registered the photograph at issue with the United States Copyright Office at Registration Number VA0001976754, which lists the effective registration date as September 15, 20015. *Lixenberg v. Complex Media, Inc.*, No. 22-CV-354 (RA), 2023 WL 144663, at *1 (S.D.N.Y. Jan. 10, 2023). The article at issue, as reflected in Exhibit B of the SAC, was published in May 2016. A registration is "timely" under 17 U.S.C. § 412 if it was obtained before the infringement at issue occurred. *Singh v. Famous Overseas, Inc*., 680 F. Supp. 533, 535 (E.D.N.Y. 1988). Lixenberg meets this standard and may seek statutory damages, costs, and attorneys' fees.

In its Motion, Complex mischaracterizes the rulings of the Second Circuit and this Court, citing to *Sohm v. Scholastic Inc*. and *Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC* to claim that they each hold that statutory damages, fees, and even monetary relief in general are not available in discovery rule cases. However, neither case makes any such holding. *Sohm* only states the general rule that "under the Copyright Act, a plaintiff's recovery is limited to damages incurred during the three years prior to filing suit." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 52 (2d Cir. 2020). And in *Jose Luis Pelaez*, this Court expressly affirms that statutory damages are available so long as a work was registered prior to the date of infringement, and holds that statutory damages are only barred where infringement "commenced before registrations." *Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*, 399 F. Supp. 3d 120, 131 (S.D.N.Y. 2019). Complex has here blatantly mischaracterized and misapplied the holdings of both the Second Circuit and this Court, in an attempt to fabricate a bar

on recovery of statutory damages under the discovery rule, where no such bar exists. Complex's

motion to dismiss should be denied.

   Complex also repeats its use of *Papazian v. Sony Music Ent.* To no avail. As discussed in

Lixenberg's previous opposition because in that case the court found that "Plaintiff's claim for

such damages here would still fail for the simple reason that Defendant's alleged infringement

took place *before* Plaintiff registered his copyright." No. 16-CV-07911 (RJS), 2017 WL

4339662, at *6 (S.D.N.Y. Sept. 28, 2017)(emphasis in original). Here, it is undisputed that

Complex's infringement took place **after** Lixenberg registered her copyright. And courts in this

district have uniformly concluded that they are bound to apply the Second Circuit's discovery

rule. *Id.* at *4.

   Moreover, Section 1203 of Title 17 of the United States Code, which Lixenberg invokes

at Paragraph 43 of the SAC, allows a successful plaintiff to seek statutory damages and

attorneys' fees irrespective of the date of its copyright registration. Lixenberg also notes this

section in Paragraph 4 of her Prayer for Relief, where she seeks fees under Section "505 and/or §

1203." (emphasis added). Section 1203 allows for an award of fees when a defendant acts to "(1)

intentionally remove or alter any copyright management information, (2) distribute or import for

distribution copyright management information knowing that the copyright management

information has been removed or altered without authority of the copyright owner or the law, or

(3) distribute, import for distribution, or publicly perform works, copies of works, or

phonorecords, knowing that copyright management information [CMI] has been removed or

altered without authority of the copyright owner or the law, knowing, or, with respect to civil

remedies under section 1203, having reasonable grounds to know, that it will induce, enable,

facilitate, or conceal an infringement of any right under this title." 17 U.S.C.A. § 1202(b).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Lixenberg properly alleges that Complex is liable under this provision, as set forth in further detail above.

**E.      An award of costs and fees to Complex in the event of dismissal is unwarranted**

In light of the above, Complex's request for dismissal must be denied in its entirety. Even if dismissal were appropriate (it is not), costs and fees are not warranted. It is respectfully requested that the Court deny Complex's request for costs and fees in the event of dismissal.

**F.      Leave to amend should be granted**

Although Lixenberg maintains that there are no deficiencies in the SAC, should this Court determine that Lixenberg's pleadings are deficient in any way, Lixenberg respectfully requests leave to amend her complaint per the "liberal" standard of Fed. R. Civ. P. 15. Indeed, "when a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (citations and quotations omitted). Leave to amend is respectfully requested to the extent the Court deems amendment necessary.

**IV.      Conclusion**

Lixenberg has adequately pled her claims and this motion should be denied. To the extent that the Court finds otherwise, it is respectfully requested that Lixenberg be given leave to amend.

Respectfully submitted,

Dated: March 27, 2023          By:      */s/ Scott Alan Burroughs*
New York, New York                      Scott Alan Burroughs, Esq.
                                        DONIGER / BURROUGHS
                                        247 Water Street, First Floor
                                        New York, New York 10038
                                        scott@donigerlawfirm.com
                                        (310) 590-1820
                                        Attorney for Plaintiff