UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANA RUTH LIXENBERG, an individual,<br><br>                                    Plaintiff,<br><br>  -against-<br><br>COMPLEX MEDIA, INC., a Delaware corporation; and DOES 1-10,<br><br>                                   Defendants. | Civil Action No.: 1:22-cv-354 (RA) (DCF)<br><br>**ORAL ARGUMENT IS REQUESTED** |

**DEFENDANT COMPLEX MEDIA, INC.'S MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Nancy A. Del Pizzo
nancy.delpizzo@rivkin.com
**RIVKIN RADLER LLP**
25 Main Street, Ste. 501
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)
(212) 687-9044 (F)

*Attorneys for Defendant,
Complex Media, Inc.*

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | THE COPYRIGHT CLAIMS ARE BARRED | 2 |
| II. | THERE CAN BE NO DISCOVERY RULE WITHOUT CONGRESS | 5 |
| III. | PLAINTIFF FAILED TO ADEQUATELY PLEAD DMCA 1202 CLAIMS | 5 |
| IV. | PLAINTIFF CANNOT OBTAIN STATUTORY DAMAGES, FEES OR COSTS | 8 |
| | CONCLUSION | 10 |

## **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Aaberg v. Francesca's Collections, Inc.*,
   No. 17-cv-115, 2018 WL 1583037 (S.D.N.Y. March 27, 2018) ................................................7

*Dana Ruth Lixenberg v. Bioworld Merchandising et al.*
   2:15-cv-07252 (C.D. Cal. 2015) ...............................................................................................2

*In re DDAVP Direct Purchaser Antitrust Litig.*,
   585 F.3d 677 (2d Cir. 2009) ..................................................................................................7, 8

*Fioranelli v. CBS Broadcasting Inc.*,
   551 F.Supp.3d 199 (S.D.N.Y. 2021) .........................................................................................3

*Goldstein v. Metro. Reg'l Info. Sys., Inc.*,
   No. 15-cv-2400, 2016 WL 4257457 (D. Md. Aug. 11, 2016) ..................................................8

*Grecco Prods. v. Alamy*,
   372 F.Supp.3d 131 (E.D.N.Y. 2019) .........................................................................................8

*Hirsch v. Rehs Galleries, Inc.*,
   No. 18-cv-11864, 2020 WL 917213 (S.D.N.Y. Feb. 26, 2020) ................................................3

*Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*,
   399 F.Supp.3d 120 (S.D.N.Y. 2019) .........................................................................................9

*Krechmer v. Tantaros*,
   747 F.Appx.6 (2d Cir. 2018) .................................................................................................7, 8

*Kronisch v. U.S.*,
   150 F.3d 112 (2d Cir. 1998) ......................................................................................................4

*Lixenberg v. Complex Media, Inc.*,
   No. 22-cv-354 (RA), 2023 WL 144663 (S.D.N.Y. Jan. 10, 2023) ....................... 1, 2, 3, 5, 6, 7

*Lixenberg v. Oath Inc. et al.*
   1:19-cv-01208 (C.D. Cal. 2015) ...............................................................................................2

*McCleese v. Natorp's, Inc.*,
   No. 20-cv-118, 2021 WL 2270511 (S.D. Ohio June 3, 2021) ..................................................6

*Minden Pictures, Inc. v. Buzzfeed, Inc.*,
   390 F.Supp.3d 461 (S.D.N.Y. 2019) .................................................................................1, 3, 4

*Papazian v. Sony Music Entm't*,
  No. 16-cv-07911, 2017 WL 4339662 (S.D.N.Y. Sept. 28, 2017) ............................................8

*Parisienne v. Scripps Media, Inc.*,
  No. 19-cv-8612, 2021 WL 3668084 (S.D.N.Y. Aug. 17, 2021) ...............................................3

*Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
  975 F.Supp.2d 920 (N.D. Ill. 2013) .........................................................................................6

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
  572 U.S. 663 (2014) .................................................................................................................8

*Rotkiske v. Klemm.*,
  140 S.Ct. 355 (2019) ................................................................................................................5

*SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.*,
  804 Fed.Appx. 668 (9th Cir. 2020) ..........................................................................................6

*Sohm v. Scholastic Inc.*,
  959 F.3d 39 (2nd Cir. 2020) ..................................................................................................5, 8

*Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*,
  510 F.Supp.3d 878 (C.D. Cal. Jan. 5, 2021) ............................................................................4

*Thompson v. Metro. Life Ins. Co.*,
  149 F. Supp. 2d 38 (S.D.N.Y. 2001) ........................................................................................4

*Trombetta v. Novocin*,
  No. 18-cv-993, 2020 WL 1304120 (S.D.N.Y. March 19, 2020) .............................................7

*Ward v. Nat'l Geographic Soc.*,
  208 F.Supp.2d 429 (S.D.N.Y. 2002) ........................................................................................6

*Wu v. John Wiley & Sons, Inc.*,
  No. 14-cv-6746, 2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015) ..............................................4

**Statutes**

17 U.S.C §1202 ................................................................................................................... 5, 6, 9

**Other Authorities**

3 Nimmer on Copyright § 12.05 (2022) .........................................................................................5

Defendant, Complex Media, Inc. ("Complex Media"), respectfully submits this memorandum of law in reply and in further support of its motion to dismiss the Second Amended Complaint ("Second Amended Complaint"). The controlling case law requires dismissal, again.

*Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F.Supp.3d 461 (S.D.N.Y. 2019) and *Lixenberg v. Complex Media, Inc.*, No. 22-cv-354 (RA), 2023 WL 144663 (S.D.N.Y. Jan. 10, 2023), adopting *Minden*, control. Indeed, this Court previously held that this Plaintiff is a seasoned litigator who should have known of this claim within the three-year statute of limitations. She did not. Living outside the U.S. did not prevent her from filing more than twenty copyright infringement lawsuits in the U.S., including regarding this photograph. Nor is there any law holding that a non U.S. citizen cannot be a seasoned litigator in the U.S. Plaintiff also falsely asserts (without citing any authority) that she "cannot be held to the same standard for reasonable diligence …" as a U.S. citizen. (Plaintiff's Opposition Brief, p. 5).[1] Plaintiff's arguments are far afield from the law.

Similarly, there remain no 1202 claims. As alleged, Plaintiff used CMI after the alleged infringement. And, as this Court previously held, there is no false CMI associated with the alleged infringed photograph. Also, Plaintiff still failed to plead the required double scienter for 1202 claims, which according to the Second Circuit requires more than conclusory statements. It would have been impossible for Complex Media to have had knowledge or intent where the Plaintiff had not used CMI on her photographs until after the alleged infringement.

Even if this Court reversed its previous decision and order dismissing the complaint, it must dismiss the statutory damages and attorneys' fees claim. There are two distinct scenarios that remove the option of these damages. One is where an alleged infringement occurs before plaintiff registered a work. The other is where plaintiff files under the discovery rule. Plaintiff

---

[1] Hereinafter referred to as "Br."

concerns itself with the first scenario and ignores the second. Plaintiff undoubtedly recognizes there are no damages for this stale claim and seeks to make this about legal fees. That is not the law. Thus, if this case proceeds, and it should not, statutory damages and attorneys' fees are foreclosed for Plaintiff. Complex Media, on the other hand, remains entitled to fees and costs should it prevail.

I.   **THE COPYRIGHT CLAIMS ARE BARRED[2]**

Plaintiff argues she cannot be a seasoned litigator because she lives outside the U.S., and cannot be on inquiry notice because she had not sued Complex Media before this action. Neither is an accurate statement of law, and Plaintiff fails to cite any authority. As this Court held, this Plaintiff, having filed more than twenty copyright infringement lawsuits in the U.S. (and regarding this same photo) is a seasoned litigator who should have known of the infringement within the limitations period. *Lixenberg*, 2023 WL 144663, at *4.  Plaintiff's assertion that her residence outside the U.S. made it impossible for her to find infringements on the internet is belied by her own admissions (in other cases she filed in the U.S.), including that she began searching for alleged infringements of this same photograph at least as early as 2015 (before the alleged infringement here). *See* 2:15-cv-07242 (C.D. Cal. Filed 9-15-2015 (D.E. 1, p.16 or 20). Plaintiff also fails to address her other lawsuits, including the 2019 case before the Hon. Ronnie Abrams, U.S.D.J., where she alleged infringement of the identical photograph on a website and conceded she knew of the alleged infringement as early as June 23, 2016 (after the alleged infringement here). *See* 1:19-cv-01208-RA, D.E. 1, ¶ 15. In its moving papers, Complex Media set forth Plaintiff's additional lawsuits regarding this same photograph. Plaintiff ignored those too.

---

[2] Plaintiff's unsupportable argument that on a 12b6 motion, Complex Media is required to deny "that it exploited" plaintiff's photograph (Br., p.1) calls into question the merit of the entirety of her legal arguments.

2

According to this Court, this "Plaintiff was fairly put on 'inquiry notice' at the time of the alleged infringing use, given the other lawsuits she had filed, and would continue to file, to protect her copyrighted works." *Lixenberg*, 2023 WL 144663, at fn 3. "It is thus not plausible that Plaintiff, in exercising reasonable diligence, would not have discovered the infringing use here until September 2021, over five years later." *Id*. at *3.

Having failed to overcome this argument on the previous motion, Plaintiff cites cases she failed to cite then. None overturn the reported decision of this Court in *Minden* or this Court in *Lixenberg*. For instance, contrary to Plaintiff, *Fioranelli v. CBS Broadcasting Inc*., 551 F.Supp.3d 199 (S.D.N.Y. 2021), did not hold that a "seasoned litigator" must be a corporate entity or that due diligence is restricted to corporate entities. There, plaintiff individual was found not to be a seasoned litigator with inquiry notice but only because defendant's use was via an "internal production," which would have required "something more than reasonable diligence" for plaintiff to identify the direct alleged infringer. *Id*. at 251. Plaintiff misrepresents *Parisienne v. Scripps Media, Inc*., No. 19-cv-8612, 2021 WL 3668084 (S.D.N.Y. Aug. 17, 2021), contending that it held an "individual litigant" cannot be a seasoned litigator. (Br., p.5). In *Parisienne*, the Court determined that there were no facts to support that the individual plaintiff should have known of the alleged infringement timely, and that plaintiff's law firm registered her work when it identified the alleged infringement, which it identified within the three-year statute of limitations. *Id*. at *4. Here, Plaintiff filed multiple copyright infringement lawsuits for the same image on the internet both before and after the alleged infringement occurred.

Plaintiff similarly cites cases decided on starkly different facts. *See, e.g., Hirsch v. Rehs Galleries, Inc*., No. 18-cv-11864, 2020 WL 917213, at *5 (S.D.N.Y. Feb. 26, 2020) (there was no allegation that plaintiff was a seasoned litigator nor facts to support inquiry notice because nothing

3

demonstrated plaintiff could have heard the song since it had not ever been played on the radio); *Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*, 510 F.Supp.3d 878, 888 (C.D. Cal. Jan. 5, 2021) ("no facts" that would give plaintiff "reasons to suspect" defendant had "breached" an exclusivity obligation in contract; "when plaintiff did detect smoke…[it then] quickly discovered the fire and promptly sued for all 340 infringements"). When there is smoke, a duly diligent plaintiff should have found the fire, like it did in *Starz*.

Plaintiff asserts that *Wu v. John Wiley & Sons, Inc.*, No. 14-cv-6746, 2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015) refused "to find inquiry notice of infringement based on plaintiff's prior lawsuits against non defendant." (Br., p.6). That too is false. The dispute in *Wu* concerned whether plaintiff's claims should be evaluated based on the date plaintiff filed the complaint or relate back to a different complaint that was dismissed with prejudice. *Id*. at \*5. Plaintiff testified he had been on "high alert" that various textbook publishers generally had a history of exceeding unknown licenses, and the court noted that his "knowledge about publishers generally [was] not sufficient to constitute <u>constructive</u> discovery of infringement." *Id*. at \*6. (emphasis added). Inquiry notice was not at issue in *Wu* because plaintiff filed the complaint "more than six months before the [three-year] statute of limitations for his claims would have expired…" *Id*. at \*7.

Importantly, under Second Circuit precedent, " [s]uspicions do give rise to a duty to inquire into the possible existence of a claim in the exercise of due diligence." *Kronisch v. U.S.*, 150 F.3d 112, 121 (2d Cir. 1998) (internal citations omitted). "The test is not whether a plaintiff could have learned of their injury; rather, it is whether, with the application of reasonable diligence, they should have known of their injury." *Minden,* 390 F.Supp.3d. at 467 (citing *Thompson v. Metro. Life Ins. Co.,* 149 F. Supp. 2d 38, 52 (S.D.N.Y. 2001). Seasoned litigators (those like here

4

who have filed claims regarding the same photograph used without authorization on the internet) should have known of this injury. *Lixenberg*, 2023 WL 144663, at *3.

## II.     THERE CAN BE NO DISCOVERY RULE WITHOUT CONGRESS

Plaintiff makes the disingenuous argument that Complex Media raised the U.S. Supreme Court's decision in *Rotkiske* "despite the Court expressly rejecting this argument in its prior order," at the same time Plaintiff is opposing this motion to dismiss the Second Amended Complaint on the same arguments previously raised, despite this Court expressly rejecting its arguments in its prior Order. (Br., p.8).[3] As previously stated, Complex Media raised *Rotkiske* to preserve its rights. Also, Plaintiff's argument makes no sense. Plaintiff contends that *Rotkiske* does not apply because the Court analyzed the FDCPA's statutory language while the Southern District of New York determined that a copyright claim accrues when a plaintiff discovers, or "with due diligence should have discovered, the relevant infringement." (Br., p.8). That belies the point Complex Media makes regarding *Rotkiske* – that is, a discovery rule is not properly determined by the courts; Congress must provide it within the statute in issue to be valid.[4]

## III.    PLAINTIFF FAILED TO ADEQUATELY PLEAD DMCA 1202 CLAIMS

Complex Media would have needed to have the ability to observe Plaintiff's CMI in order to have had the required knowledge and intent to remove it or replace it. As plead, it could not. Plaintiff alleges that she used CMI *after* the alleged infringement occurred. She now argues that

---

[3] *See Rotkiske v. Klemm.,* 140 S.Ct. 355 (2019)
[4] Noted authority stated that the Second Circuit's decision in *Sohm* seemed "unmoved by" *Rotkiske's* holding that the discovery rule 'is not a universal feature of statute of limitations' and "courts' 'expansive approach to the discovery rule [is] a "bad wine of recent vintage,"' but then "took a hundred-and-eighty degree turn, "and essentially found there is no discovery rule because it limited recovery to damages incurred during the three years prior to filing suit." 3 Nimmer on Copyright § 12.05 (referencing *Sohm*). By example, for "infringing performances taking place throughout the 1990s but, based on belated discovery, suit being filed only much later (yet still promptly after the discovery)," *Sohm* "disallows any recovery in that case." *Id*. That is the scenario we have here. "In sum, the practical import of [*Sohm*] is to … reject the discovery rule . . ." and "the upshot . . . is to require plaintiffs to meet the standards of the injury rule [filing suit within three years of the alleged infringement] or else face lack of any monetary recovery." *Id*.

5

these are just "non-exclusive exemplars." That is ridiculous. Plaintiff filed three versions of the complaint, and not one includes CMI of which Complex Media could have been aware. After three tries, she failed to viably set forth a 1202(b) claim. Enough is enough.

Plaintiff must allege false CMI to have a 1202(a) claim. She has not done that either. This Court previously held that what she refers to as "false CMI" (Complex Media's logo at the top of its website page and the byline of the article on the page) is not CMI for purposes of a false CMI claim regarding this photograph. *Lixenberg*, 2023 WL 144663, at *4-5. Indeed, "false" CMI must be affixed to the alleged infringed photograph. *See Ward v. Nat'l Geographic Soc.*, 208 F.Supp.2d 429 (S.D.N.Y. 2002) (plaintiff failed to adduce evidence to justify a finding that defendants knew its own copyright notice was false when placed in proximity to plaintiff's photographs and texts; thus, no violation of DMCA by affixing defendant's copyright notice to every page printed from computerized archive); *see also, SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.*, 804 Fed.Appx. 668 (9th Cir. 2020) (defendants' copyright notice - "Copyright 2015 We Fix *1082 Ugly Pools. All Rights Reserved," - did not meet the definition of CMI under the DMCA because it was not "conveyed in connection with" the plaintiff's photos, explaining that the copyright notice did not suggest that it was associated with or linked to plaintiff's photos as it was located at the bottom of the webpage in a shaded box, separating it from the rest of the content on the webpage. The notice was also generic and not located on or next to the plaintiff's photos); *see McCleese v. Natorp's, Inc.*, No. 20-cv-118, 2021 WL 2270511 (S.D. Ohio June 3, 2021) (dismissing DMCA claim for failure to allege sufficient facts to support the plausible existence of false CMI, finding defendant's trademarked logo and standard copyright symbol located at the top and bottom, respectively, of webpages does not convey false CMI); *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F.Supp.2d 920 (N.D. Ill. 2013) (dismissing DMCA claim when

the only CMI displayed was not on the works or images themselves; the only conclusion about the copyright notice at the bottom of defendant's website is that it has some intellectual property rights in its own website).

Plaintiff's citation to *Aaberg v. Francesca's Collections, Inc.*, No. 17-cv-115, 2018 WL 1583037 (S.D.N.Y. March 27, 2018), supports dismissal. In *Aaberg*, plaintiffs were a group of artists who created pins and sold them in packaging that identified each artist's name and logo "on the pin's packaging." *Id*. at *2. Defendant there is alleged to have purchased the pins, made knock-offs, and packaged the pins for sale in defendant's packaging – expressly selling the knock-offs with defendant's identity *on* the products, and thus, plainly associating the knock-offs with defendant. Defendant's logo was found to be false CMI because it was associated with the product, replacing plaintiff's logo on its packaging. This Court held that defendant's website logo and byline here do not meet the definition of false CMI under 1202(a) because they are not associated with plaintiff's photograph. *Lixenberg*, 2023 WL 144663, at *4-5 (citations omitted).

Plaintiff's claims are also subject to dismissal because she still fails to plead <u>double scienter</u>. Plaintiff admits she has not plead intent. That alone means the 1202 claims fail. She also admits she conclusorily plead knowledge. (Br., p.10). She cites to *Trombetta v. Novocin*, No. 18-cv-993, 2020 WL 1304120 (S.D.N.Y. March 19, 2020), for the premise that "the Second Circuit" requires leniency in 1202 cases with respect to double scienter. *Trombetta* makes that statement in a 1202 case, but cites to an antitrust decision from 2009. *Id*. at *5 (citing *In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677 (2d Cir. 2009)). But in 2018, the Second Circuit made clear that the standard for 1202 cases <u>requires</u> <u>double scienter</u> <u>and a plausible factual basis</u> that the defendant be "intentional" and "knowing" in violating section 1202. *Krechmer v. Tantaros*, 747 F.Appx.6, 9 (2d Cir. 2018) (plaintiffs must plausibly allege that defendant "knowingly" violated

7

1202 and that "the defendant did so with the intent to induce, enable, facilitate or conceal and infringement"); *Grecco Prods. v. Alamy*, 372 F.Supp.3d 131 (E.D.N.Y. 2019) (same). *Krechner*, which expressly addresses standards for pleading a 1202 claim in 2018 is dispositive, whereas the 2009 Second Circuit decision, *In re DDAVP*, which discusses antitrust litigation, is not.[5]

Finally, it would be impossible (and thus, not plausible) for Complex Media to have knowingly and with intent removed CMI or added false CMI when it could not have known of Plaintiff's CMI at the time of the alleged infringement.

### IV.     PLAINTIFF CANNOT OBTAIN STATUTORY DAMAGES, FEES OR COSTS

This Circuit held that a stale copyright infringement claim (based on the discovery rule) restricts damages to actual damages and profits incurred in the three years prior to the filing of the lawsuit. *See, e.g., Sohm*, 959 F.3d at 52 ("Therefore, the three-year limitation on damages was necessary to the result in *Petrella* and thus binding precedent.") (citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014)). *Sohm* did not hold that the "limitation on damages" is only a partial limit. It held that it is a blanket limitation on all damages. *Id*.  Also, the U.S. Supreme Court expressly stated in *Petrella* that "section 507(b), it is undisputed, bars relief of <u>any kind</u> for conduct occurring prior to the three-year limitations period." *Petrella*, 572 U.S. at 667. (emphasis added).

Further, this Court expressly held that *Petrella* included statutory damages. *Papazian v. Sony Music Entm't*, No. 16-cv-07911, 2017 WL 4339662, at *6 (S.D.N.Y. Sept. 28, 2017) **("[t]he most straightforward interpretation of *Petrella*" ... is that no recovery of any kind, including**

---

[5] Plaintiff's citation to the District of Maryland "finding that scienter may be pleaded generally," is not binding or persuasive when the Second Circuit has already decided this issue. (Br., p.10) (citing *Goldstein v. Metro. Reg'l Info. Sys., Inc.*, No. 15-cv-2400, 2016 WL 4257457 (D. Md. Aug. 11, 2016)); *cp Krechmer*, 747 F.Appx. at 9.

**statutory damages, is permitted for infringing acts occurring more than three years prior to suit" regardless of when registration was achieved").** (emphasis added).[6]

Plaintiff asserts that *Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*, 399 F.Supp.3d 120, 136 (S.D.N.Y. 2019), "affirms statutory damages are available so long as a work was registered prior to the date of infringement…" (Br., p.15) (citing *Pelaez*, 399 F.Supp.3d at 131). The page cite Plaintiff references regards claims that plaintiff in *Pelaez* filed within the three-year statute of limitations. When *Pelaez* analyzed claims that were made under the discovery rule (those occurring three years before plaintiff filed), this Court dismissed the claims, "[t]o the extent that Pelaez may not recover damages – actual or statutory – for the ninety-four claims in the TAC that are based on conduct that occurred entirely prior to July 6, 2013." *Id*. at 136.

Nor is Plaintiff entitled to statutory damages under 1202(a) or (b) (even if the DMCA claims were sustainable, which they are not). Plaintiff cites the language in the 1202 statute, which discusses potential damages, but ignores the law Complex Media cited holding that a bar as to 505 is a bar as to all copyright claims (and does not even reference it).[7]

Plaintiff requests leave for a fourth version of the complaint. By Order, Plaintiff had "one opportunity to amend . . ." That is the version at issue on this motion. There is no basis for further amendment. Nor does Plaintiff identify any grounds, new facts or legal theories. Thus, the request must be denied.

---

[6] Plaintiff cannot distinguish *Papazian*. There, the Court found plaintiff's damages would "still fail" because the alleged infringement occurred before registration. The operative word there is "still" signaling that there are two possible bases for denying statutory damages – where registration is after infringement, and where plaintiff files under the discovery rule.
[7] Thus, Plaintiff concedes this issue.

# CONCLUSION

For the foregoing reasons and those set forth in its moving brief, defendant Complex Media, Inc., respectfully ask the Court to grant the requested relief and dismiss the Second Amended Complaint in its entirety with prejudice.

Dated: April 3, 2023

Respectfully submitted,
**RIVKIN RADLER LLP**

By:   s/ Nancy A. Del Pizzo
Nancy A. Del Pizzo
25 Main Street, Ste. 501
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)

*Attorneys for Defendant,*
*Complex Media, Inc.*