**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANA RUTH LIXENBERG, an individual, <br><br> Plaintiff, <br><br> v. <br><br> COMPLEX MEDIA, INC., a Delaware corporation; and DOES 1-10, <br><br> Defendants. | Civil Action No.: 1:22-cv-354 (RA) (DCF) |

## ~~[PROPOSED]~~ PROTECTIVE ORDER

This matter is before the Court upon the Joint Motion of the parties for entry of a Protective Order. After consideration of the Joint Motion and proposed protective order, it is ORDERED as follows:

## 1. PURPOSE

This Action will involve discovery of information that includes or comprises confidential, proprietary, commercially sensitive or trade secrets. The purpose of this Protective Order is to govern the production of such information without frequent resort to determinations of discoverability by the Court and to protect such information from improper or premature disclosure. In addition, this Protective Order provides a mechanism for non-parties to protect any confidential, proprietary, commercially sensitive, or trade secret information from public disclosure.

## 2. DEFINITIONS

2.1    This Action: This "Action" means *Dana Ruth Lixenberg v. Complex Media Inc.*, Civil Action No.: 1:22-cv-354 (RA) (DCF) and any appeals thereto.

2.2    Party: "Party" or "Parties" means the plaintiff (Dana Lixenberg) and defendant (Complex Media Inc.) in this Action, including their directors, officers, employees, agents, attorneys or representatives.

1

2.3     Producing Party: "Producing Party" means a person or entity, whether or not a Party to this Action, that produces or otherwise makes available Discovery Material in this Action.

2.4     Receiving Party: "Receiving Party" means a Party to this Action, including without limitation all directors, officers, employees, agents, attorneys or representatives of the Party, that receives Discovery Material from a Producing Party.

2.5     Discovery Material: "Discovery Material" means any information, document or tangible thing produced in this Action, including information provided in response to discovery requests, interrogatories, requests for production, requests for admission, subpoena, subpoena duces tecum, deposition, and including any material that may be provided for inspection or voluntarily produced by exhibit, declaration, affidavit or other means.

2.6     Protected Material: "Protected Material" means any Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Protective Order, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material. However, Protected Material shall not include any Discovery Material that has been or becomes lawfully in the possession of the Receiving Party without being subject to confidentiality or nondisclosure obligations.

2.7     Confidential: A Producing Party may designate as "Confidential" those materials which the Producing Party believes in good faith constitute or contain confidential, proprietary and/or commercially sensitive information, which information is not known by a third party without a confidentiality obligation and which the Producing Party would normally not reveal to a third party or if disclosed would require such third party to maintain the information in confidence.

2.8     Highly Confidential – Attorneys' Eyes Only: A Producing Party may designate as "Highly Confidential – Attorneys' Eyes Only" any confidential, proprietary, commercially sensitive and/or trade secret information, which that party in good faith believes it would not reveal to a third party and is so highly sensitive that the protections afforded to Confidential

2

information are not sufficient. This designation shall be reserved for information that constitutes, reflects, or concerns particularly sensitive proprietary, technical, financial, marketing, privacy (personally identifiable information, personal medical/health), or other business information, trade secrets or know-how.

2.9  Trial Counsel: "Trial Counsel" means outside trial counsel for the Parties who have made an appearance before the Court in This Action, including attorneys, secretaries, legal assistants, and other support personnel who work for the same law firm, to whom it is necessary to disclose Protected Material for the purpose of This Action, currently:

- Doniger/Burroughs, Trial Counsel for plaintiff, Dana Lixenberg.; and

- Rivkin Radler LLP, Trial Counsel for defendant, Complex Media, Inc.

2.10  Expert: "Expert" means any consultant retained by either Party to advise or to assist Trial Counsel in the preparation, resolution or trial of This Action.

## 3.  DESIGNATION OF PROTECTED MATERIAL

3.1  The Producing Party shall clearly mark each page, where possible, of Discovery Material that the Producing Party contends constitutes Protected Material on its face with the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" together with a letter or letters identifying the Producing Party or other comparable notice.

3.2  Discovery Material produced in a media that cannot be marked on each page (e.g., videotape, audiotape, etc.) may be designated as Protected Material by clearly labeling the outside of such media with the appropriate legend. Electronically Stored Information produced in native file format can be designated as Protected Material by identifying the files (by file name and production number) as either Confidential or "Highly Confidential –Attorneys' Eyes Only" in a letter or email accompanying the production sent or copied to all counsel of record for the Receiving Party.

3.3  Discovery Material provided for inspection, such as a Producing Party's facilities or manufacturing processes, and any documents or things produced or generated in connection with such inspection (including, but not limited to, notes, recordings, or photographs of the

3

facilities or processes), shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" material of the Producing Party, and shall be marked and treated as such.

3.4     Designations of Protected Material: In the event that a Receiving Party includes Protected Material of a Producing Party in any pleading or other document, the Receiving Party shall label such pleading or other document with the highest designation provided by the Producing Party for that Protected Material and file the same under seal, as specified in Section 8, below. Any public versions of the pleading or other document shall completely redact the Producing Party's Protected Material

## 4.     ACCESS TO AND USE OF PROTECTED MATERIAL

4.1     Access to Highly Confidential –Attorneys' Eyes Only Information:   The Receiving Party shall strictly restrict access to the Producing Party's Protected Material designated "Highly Confidential –Attorneys' Eyes Only" in accordance with this Protective Order to the following individuals, who may use it solely in This Action:

(a)     Trial Counsel as defined above;

(b)     court reporters and videographers;

(c)     inside and outside counsel of a Party;

(d)     graphics, translation, or design services who have been retained by Trial Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action, and have been informed of the requirement to maintain these documents and the information contained therein as Protected Material and have agreed to do so in writing by executing the Confidentiality Agreement attached as **Appendix A**;

(e)     jury or trial consulting services, including mock jurors, who have been retained by Trial Counsel for purposes of this Action and have been informed of the requirement to maintain these documents and the information contained therein as Protected Material and have agreed to

do so in writing by executing the Confidentiality Agreement attached as **Appendix A**;

(f) contract document reviewers who have been retained by Trial Counsel for purposes of this Action and have been informed of the requirement to maintain these documents and the information contained therein as Protected Material and have agreed to do so in writing by executing the Confidentiality Agreement attached as **Appendix A**;

(g) litigation support vendors such as document reproduction services, computer imaging services, commercial copy vendors, and computer forensic vendors, who have been retained by Trial Counsel for purposes of this Action and have been informed of the requirement to maintain these documents as Protected Material and have agreed to do so in writing by executing the Confidentiality Agreement attached as **Appendix A**;

(h) any person who authored or previously received the Protected Material, including people named as a recipient of the Protected Material on its face;

(i) Experts cleared to receive Protected Materials under Section 7 of this Order;

(j) the Court and its support personnel;

(k) members of the jury; and,

(l) any other persons agreed to in writing by Trial Counsel for the Producing Party or as otherwise ordered by the Court.

4.2     Access to Confidential Information: The Receiving Party shall strictly restrict access to the Producing Party's Protected Material designated Confidential in accordance with this Protective Order to the following individuals, who may use it solely in this Action:

(a)    the individuals authorized to have access to "Highly Confidential – Attorneys' Eyes Only" materials under Section 4.1;

(b)    Party representatives, *e.g.*, a corporate officer, or other employee for each Party who may use it solely in this Action; and,

(c)    any other persons agreed to in writing by Trial Counsel for the Producing Party or as otherwise ordered by the Court.

4.4    All Confidential and "Highly Confidential –Attorneys' Eyes Only" information disclosed pursuant to this Order shall be used by any recipient thereof solely for the purposes of this Action and not for any other litigation or any business, competitive or other purposes. It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

## 5.    CUSTODY OF PROTECTED MATERIAL

Protected Material shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients as specified in this Protective Order, without the written permission of the Producing Party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a Receiving Party (1) from making working copies, abstracts, digests and analyses of Protected Material for use in connection with this Action and such working copies, abstracts, digests and analyses shall be deemed Protected Material with the same confidentiality designation as the original material (e.g., Highly Confidential –Attorneys' Eyes Only), or (2) from converting or translating Protected Material into machine readable form for incorporation into a data retrieval system used in connection with this Action, provided that access to that Protected Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

## 6.    DISCLOSURE TO OTHERS

In the event Trial Counsel for the Receiving Party finds it necessary to make a disclosure of Protected Material to individuals other than the persons identified in paragraph 4.1 (for "Highly Confidential –Attorneys' Eyes Only" information) or 4.2 (for Confidential information), Trial

Counsel for the Receiving Party must serve written notice on Trial Counsel for the Producing Party in advance of any disclosure including: (i) the Protected Material to be disclosed; (ii) the purpose of the disclosure; and (iii) an identification by name, business address, and current employer(s) of the person(s) to whom such disclosure is requested. Trial Counsel for the Producing Party must respond to the written notice within ten (10) business days, either approving or objecting to the disclosure. Unless the Producing Party approves the disclosure, no disclosure will be made without an order of the Court (which the Receiving Party may seek if such approval is not provided). If approval is provided by the Producing Party, or if an order of the Court permits the disclosure, Trial Counsel for the Receiving Party must, prior to such disclosure, inform the individual to whom the Protected Material is to be disclosed of the terms of this Protective Order, and have the individual agree to the terms of this Protective Order in writing by executing the Confidentiality Agreement attached as **Appendix A**, the executed Acknowledgment to be served on Trial Counsel for the Producing Party prior to any disclosure.

### 7. <u>EXPERTS</u>

7.1 Each Receiving Party may designate Experts to receive Protected Material of a Producing Party. A Party desiring to disclose Protected Material to an Expert shall serve written notice on the Producing Party no later than ten (10) business days prior to any disclosure. Written notice shall include (a) the Confidentiality Agreement attached as **Appendix A**, signed by the Expert, (b) the curriculum vitae of the Expert, including information on educational background beyond high school and all professional employment by employer, position, time period, and location, (c) a list of all other matters in which, during the previous four (4) years, the Expert testified as an expert at trial or by deposition or was hired as a non-testifying expert or consultant; and, (d) disclosure of any previous or current relationship with any of the Parties.

7.2 No Protected Material shall be disclosed to the Expert by the Receiving Party until after the expiration of the foregoing ten (10) business day notice period. Consent to the disclosure of Protected Material to a proposed Expert may not be unreasonably withheld. If, however, during the notice period the other Party objects to the disclosure, there shall be no disclosure of that Party's Protected Material to the Expert, except by further order of the Court. Any objection shall include a complete explanation of the basis of the objection. The objecting party shall follow

the Court's discovery dispute procedures within ten (10) business days after the expiration of the foregoing notice period for a ruling on its objection. The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure. A failure to seek the Court's ruling within the ten (10) business day period shall operate as an approval of the disclosure. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph and/or the briefing schedule to the Court if necessary to abide by any discovery or briefing deadlines.

7.3     The disclosure of an Expert under this paragraph shall not commit a Party to identifying or utilizing that person as an expert or witness at trial. A non-testifying expert consultant who would not otherwise be subject to deposition does not become subject to deposition solely because he or she is disclosed pursuant to this paragraph.

### 8.     FILING PROTECTED MATERIAL WITH THE COURT

In the event that any Party desires to include Protected Material in any pleading, motion, deposition transcript or other paper filed with this Court, the Party will follow the Local Rules of this Court and the Individual Practices, including specifically Individual Rules & Practices in Civil Cases, paragraph 5.A, of the Hon. Ronnie Abrams, U.S.D.J.

### 9.     INADVERTENT PRODUCTION

9.1     If a Producing Party through inadvertence produces Protected Material without designation in accordance with this Protective Order, the Producing Party may give written notice to the Receiving Party that the information produced is deemed Confidential or "Highly Confidential –Attorneys' Eyes Only" and the information shall be treated as such in accordance with this Protective Order. Any such written notice shall be accompanied or promptly followed by a replacement production containing properly designated documents. The Receiving Party shall treat such information with the noticed level of protection from the date notice of the error is received. Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.

9.2     In the event that a Producing Party inadvertently produces information that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity or other appropriate privilege or immunity, the Producing Party shall promptly, upon discovery of such inadvertent disclosure, inform the Receiving Party and request that the item or items of information be destroyed, and no party to this Action shall thereafter assert that such inadvertent production waived any privilege or immunity. Prior to the receipt of such notice, disclosure to persons not authorized to receive such information shall not be deemed a violation of this Protective Order and shall not be deemed to be a waiver of any privilege held by the Producing Party. Upon such notice by the Producing Party, the Receiving Party shall promptly return, sequester, or destroy all copies of the inadvertently produced information. Notwithstanding the foregoing, the Receiving Party shall be permitted to retain one (1) copy of the inadvertently produced information for the sole purpose of challenging the Producing Party's assertion of privilege, which will be immediately destroyed or returned in the event a claim of privilege is not challenged and/or is upheld in a challenge before the Court. The Receiving Party may not share this copy of the inadvertently produced information with any additional persons. Within ten (10) business days of informing the Receiving Party of the inadvertent disclosure, the Producing Party shall identify the item or items of information on a privilege log and shall provide a replacement, redacted to obscure only the privileged or immune information, for any item that contains both privileged or immune and relevant non-privileged information. Nothing in this paragraph shall prevent the Receiving Party from challenging in Court the designation of the privilege after the inadvertent production of documents in the possession of Receiving Party has been destroyed, and/or from seeking production of any such documents or information in accordance with the Federal Rules of Civil Procedure. If the Receiving Party has retained a copy of inadvertently produced information, the Receiving Party shall file a motion challenging the Producing Party's assertion of privilege within seven (7) business days of receipt of the Producing Party's identification of the item or items of information on a privilege log and any redacted replacement.

If the Receiving Party has not filed such motion within seven (7) business days of receiving the Producing Party's identification of the item or items of information on a privilege log and any redacted replacement, the Receiving Party shall destroy or return its remaining copy of the inadvertently produced information.

9

**10.** <u>**DESIGNATION OF TRANSCRIPT**</u>

Any transcript containing Protected Material not previously designated shall be designated as containing such information within one month of receipt of the official transcript by the Producing Party. From the time of the transcript through the one-month period, the official transcript and any rough transcript shall be treated as "Highly Confidential –Attorneys' Eyes Only" and subject to the terms of this Protective Order. Absent designation by the Producing Party, the transcript shall not be subject to this Protective Order after the expiration of the one-month period.

**11.** <u>**NON-PARTY USE OF THIS PROTECTIVE ORDER**</u>

A non-party who produces Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material as Confidential or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order. Any Party seeking to challenge the designation of non-party information as Confidential or "Highly Confidential – Attorneys' Eyes Only", or who is seeking to use such information in proceedings where it may become a part of the public record, shall provide notice to the non-party in sufficient time to allow the non-party to appear and seek continued protection of its information as designated.

**12.** <u>**RIGHT TO FURTHER RELIEF**</u>

Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

**13.** <u>**AMENDMENT**</u>

This Protective Order may be amended only where Trial Counsel for all Parties file a Joint Motion to Amend Protective Order that is subsequently granted by the Court, or by other order of the Court.

## 14.    RIGHT TO ASSERT OTHER OBJECTIONS

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing Discovery Material, whether during discovery, hearing, or trial, and access to such Discovery Material shall be only as otherwise provided by the discovery rules and other applicable law.

## 15.    TERMINATION AND SURVIVAL OF OBLIGATIONS

No restriction imposed by this Protective Order may be terminated, except by Order of this Court for good cause shown. The termination of This Action shall not automatically terminate the obligations specified in this Protective Order.

## 16.    COURT'S ENTRY OF THE PROTECTIVE ORDER

Upon signature by both Parties of the Protective Order and before the Court enters the Protective Order, the Parties agree to exchange information designated Confidential and "Highly Confidential –Attorneys' Eyes Only" based on the terms provided herein. The Parties further agree that should the Court alter the terms of the Protective Order affecting what material may be designated as Confidential and/or "Highly Confidential –Attorneys' Eyes Only," any previously disclosed Protected Material affected by the altered terms shall not be subsequently disclosed to anyone not authorized under the altered terms to view such material, absent agreement by the Parties on the treatment of the Protected Material implicated by any such alterations or absent further order of the Court.

Case 4:22-cv-00354-RR-AVF Document 68 Filed 02/05/26 Page 11 of 14

DONIGER / BURROUGHS

_s/ David M.S. Jenkins_
Scott Alan Burroughs, Esq.
David M.S. Jenkins, Esq.
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com

_Attorneys for Plaintiff,_
_Dana Ruth Lixenberg_

RIVKIN RADLER LLP

_s/ Nancy A. Del Pizzo_
Nancy A. Del Pizzo, Esq.
25 Main Street, Suite 501
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555
nancy.delpizzo@rivkin.com

_Attorneys for Defendant,_
_Complex Media, Inc._

Dated: February 5, 2026

SO ORDERED this 6 day of February, 2026.

_____
**HON. RONNIE ABRAMS, U.S.D.J.**

## APPENDIX A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANA RUTH LIXENBERG, an individual, | Civil Action No.: 1:22-cv-354 (RA) (DCF) |
| Plaintiff, | |
| v. | **CONFIDENTIALITY AGREEMENT** |
| COMPLEX MEDIA, INC., a Delaware corporation; and DOES 1-10, | |
| Defendants. | |

I,                        , hereby acknowledge that:

(i) I have read the Protective Order entered in the action presently pending in the United States District Court for the Southern District of New York, captioned *Dana Ruth Lixenberg v. Complex Media Inc.*, Civil Action No.: 1:22-cv-354 (RA) (DCF);

(ii) I understand the terms of the Protective Order;

(iii) I certify that I am not engaged in any Prosecution Activity on behalf of or for the benefit of any party to this action involving claims relating to any cell phone holders;

(iv) I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms;

(v) I understand that I am to maintain all copies of any Protected Material that I receive in a container, cabinet, drawer, room, password protected computer medium, or other safe place in a manner consistent with this Protective Order, and that all copies are to remain in my custody only until I have completed my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party. Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Protective Order; and,

13

(vi)   I irrevocably submit my person to the jurisdiction of the United States District Court
for the Southern District of New York for the limited purpose of securing compliance
with the terms and conditions of the Protective Order.


DATED:

_____
Signature/Name

_____
Present Employer

_____
Title/Occupation

_____
Address

_____
City            State            Zip

_____
Telephone Number

_____
Email Address